THE PEOPLE v. ALVAH E. LEAVITT.

*Certiorari does not lie where no substantial relief can be given.*

Certiorari does not lie where it does not appear that the plaintiff has some substantial interest and will suffer some injury if the court does not interfere.

The return to a writ of certiorari is conclusive.

Where a man has been tried and convicted for the violation of a city ordinance and has voluntarily paid a fine that was imposed without costs, a reversal on certiorari cannot benefit him, and the writ therefore will not lie to review the proceedings.

Certiorari to the Recorder's Court of Detroit. Submitted June 30. Decided October 8.

*Ed. E. Kane* and *Edward S. Grece* for plaintiff in certiorari. A sidewalk is part of the street, Ang. on Highways (2d ed.), § 263; *Wright v. Briggs,* 2 Hill, 77; *Brevoort v. Detroit,* 24 Mich., 325, and the proprietor of abutting land has no greater right to its use than the general public, *Woodbridge v. Detroit,* 8 Mich., 306; and the municipal government should keep it clear of ice and snow (*Hammett v. Philadelphia,* 8 Am. L. Reg. [N. S.], 420), and cannot compel the abutting proprietor to do it, as under the police power, *Gridley v. Bloomington,* 7 Cent. L. Journal, 426; nor can it compel citizens to lay sidewalks, *Ottawa v. Spencer,* 40 Ill., 217.

City Attorney *Wm. C. Maybury* for defendant in certiorari. A city ordinance requiring a citizen to clean the walk in front of his premises (*Goddard's Case,* 16 Pick., 504) or to build a walk, *Paxson v. Sweet,* 1 Green (N. J.), 196, is valid. And see *Nashville v. Maberry,* 6 Humph., 373; *Washington v. Nashville,* 1 Swan 177; *Com. v. Tewksbury,* 11 Met., 55; *Com. v. Alger,* 7 Cush., 53; *Palmyra v. Morton,* 25 Mo., 593; *Lowell v. Hadley,* 8 Met., 180; *Thorpe v. Rutland & Burlington R. R. Co.,* 27 Vt., 140; *Weeks v. Milwaukee,* 10 Wis., 242;

*Soens v. Racine*, 10 Wis., 271; *Bond v. Kenosha*, 17 Wis., 284; *Oakey v. Mayor*, 1 La., 1; Dillon Mun. Corp., 327; Cooley Const. Lim., 588; Cooley on Taxation, 398.

GRAVES, J.  The plaintiff claims a review of certain proceedings against him for violating a city ordinance compelling owners and occupants of lots and buildings to remove snow and ice from contiguous sidewalks.

The main question is upon the validity of the ordinance, and it is one of considerable importance.

Before going into any discussion of the merits, it is quite material to ascertain from the record whether the plaintiff presents a case which either entitles him to demand the judgment of the court on the points agitated or would justify the court in passing such judgment.  There are certain rules which all courts recognize.  For example, unless it is made to appear that the plaintiff may suffer injury in case of non-intervention by the court, there is no ground for the remedy by certiorari, *Davison v. Otis*, 24 Mich., 23; and it must also appear that he has some substantial interest in the subject matter, *Colden v. Botts*, 12 Wend., 234, and that there is something material to be accomplished,—something on which the judgment of the court can act effectively and work advantage to the plaintiff.

If the state of the case is such that the contention cannot be otherwise than speculative and no rights of the parties can be changed in point of law, it is not incumbent on the court to formulate opinions.  *People v. Phillips*, 67 N. Y., 582: *People ex rel. Corwin v. Walter*, 68 N. Y., 403.  Our observations would be mere dicta and unauthoritative.

Passing to the return made to the certiorari, which must be regarded as conclusive (*People ex rel. Sims v. Fire Commissioners*, 73 N. Y., 437), we find that plaintiff being charged with having disobeyed the ordinance, was convicted on his plea of not guilty and simply fined five dollars without costs, and that he immediately sat-

isfied the judgment by paying the fine. He voluntarily submitted to the conviction and discharged the entire penalty without the award of process. *Wood v. Colvin,* 2 Hill, 566; *Craft v. Merrill,* 14 N. Y., 456.

Nothing remained in which the plaintiff could have legal interest or anything which could be affected practically by any judgment on certiorari. An order of reversal would be a fruitless thing.

In *Watson v. Kane,* 31 Mich., 61, which was on writ of error, the fact of payment was not of record and hence not shown, and moreover, according to the claim set up, it was under execution and not in judgment of law voluntary.

The circumstances which distinguish the cases call for opposite results.

The judgment is affirmed.

The other Justices concurred.