COMMONWEALTH *vs.* OTTO FLECKNER.

Worcester.    September 28, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Nuisance — Club — Statute.*

The St. 1895, c. 469, entitled "An Act relative to sentence in criminal cases," contemplates the right to take and argue exceptions as remaining unaffected by its provisions.

A member of an incorporated club, who is arrested on its premises while turning to go to a table after having just drawn lager beer in glasses from a keg, may be convicted under St. 1887, c. 206, entitled "An Act to prohibit the unlicensed selling, distributing, or dispensing of intoxicating liquors by clubs"; and it is not necessary to prove that the place is used mainly for that purpose.

COMPLAINT, for maintaining a liquor nuisance, under St. 1887, c. 206, entitled "An Act to prohibit the unlicensed selling, distributing, or dispensing of intoxicating liquors by clubs." Trial in the Superior Court, before *Hopkins*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to show that, on a certain evening within the period of time covered by the complaint, police officers found in the hall of the Turn Verein, in Fitchburg, a number of tables and chairs with a counter along one side of the room ; that on the counter was a cask of lager beer on tap, and beside it a large number of glasses ; that there were from twelve to eighteen men and three women in the room, seated at different tables, and more or less of them drinking lager beer; that as the officers came in the defendant, a member of the association, was drawing three glasses of beer from the keg, and then turned to go to a table, whereupon they arrested him ; that they then proceeded to search the premises, and found, besides the beer upon the counter on tap, five empty casks and eleven full casks of lager beer, the full casks being in an ice-chest underneath ; that they found across the entry another room, where the officers of the association had a desk, and where school was kept for the children of the members ; and that there was a large hall in the rear of these two rooms, used for entertainments and as a gymnasium.

The counsel for the defendant stated to the jury, in opening,

that the Turn Verein society was an athletic association organized by one Jahn in 1811, in Germany, as a kind of consolidation of athletic associations; that the primary objects of the society were the cultivation of athletic training, and it had also literary features and musical features, and in the meetings of the Turn Verein, whether in this country or in Germany, it was usual to serve beer; that the branch of the society in Fitchburg was incorporated in 1886, under the laws of this Commonwealth, for the purpose of cultivating athletic exercises and literary pursuits; that its treasury was supplied with funds from two sources, monthly dues from members, all members paying their dues alike, and from the giving of entertainments; that they had built the building in question some three or four years before, and that it was their Turn Hall; that they had a gymnasium in it, and that they had literary exercises, and schools for teaching their children the German language and literature, as well as athletic education; that they gave entertainments in their hall to which there was a charge, and that they gave entertainments in public by which they realized sums of money and added to their treasury; that the privileges of the hall, including the free beer, were limited to the members of the society, numbering in Fitchburg one hundred and sixty, with their wives and families, and to such visitors as might come from other branches of the organization, like one of the witnesses for the government, who came from Clinton; and that the beer was bought and kept by the organization as a part of its property, and was drawn freely by members helping themselves.

The District Attorney agreed that the facts stated by the counsel in opening were facts, and were to be taken to be facts in evidence in the case, and the defendant's counsel asked the court to rule that, upon the whole evidence, including these facts, the defendant could not be convicted. The judge refused so to rule, and instructed the jury that, upon the facts admitted in evidence, and the facts admitted to be facts stated by the defendant's counsel, the jury would be warranted in finding the defendant guilty; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant, under St. 1895, c. 469, was sentenced to pay a fine, which he paid; and he alleged exceptions.

*W. S. B. Hopkins,* for the defendant.

*H. Parker,* District Attorney, for the Commonwealth.

HOLMES, J.   It is suggested, on behalf of the government, that the defendant's exceptions cannot be entertained, because the sentence has been imposed and executed, under St. 1895, c. 469, §§ 1, 2.   But the statute evidently contemplates the right to take and argue exceptions as remaining unaffected by its provisions.   It does not say that no exceptions shall be prosecuted unless a stay of execution is granted, but, first, that sentence shall be imposed notwithstanding exceptions, (which of itself is consistent with the exceptions being argued afterwards, as has been the practice under Pub. Sts. c. 153, § 12, *Commonwealth* v. *Clifford,* 145 Mass. 97,) and next, that the allowing of exceptions shall not stay execution of sentence unless the justice imposing sentence, or some justice of the Supreme Judicial Court, shall file a certificate that there is reasonable doubt whether the judgment should stand.   We should be slow to suppose that the Legislature meant to take away the right to undo the disgrace and legal discredit of a conviction, (Pub. Sts. c. 169, § 19,) merely because a wrongly convicted person has paid his fine or served his term.   The fact that no indemnity is provided by this act is far from enough to lead us to that conclusion.   Of course the payment of the fine in accordance with the sentence was not a consent to the sentence, but a payment under duress.

The evidence warranted the finding of the jury that the Turn Verein's hall was a building or place used by a club for the purpose of dispensing intoxicating liquors to its members or others, within the meaning of St. 1887, c. 206, § 1.   *Commonwealth* v. *Baker,* 152 Mass. 337.   It is not necessary to prove that the place is used mainly for that purpose.   *Commonwealth* v. *Burke,* 114 Mass. 261.   This is the only question argued by the defendant bearing on the correctness of the ruling of the court, and we presume that this was the only question which it was desired that we should decide.

*Exceptions overruled.*