HENRY BURT v. THE STATE.

No. 4086. Decided May 24, 1916.

**Vagrancy—Justice Court—Custody—Trial de Novo.**

Where appellant was convicted in a Justice Court and was fined one hundred dollars, gave notice of appeal to the County Court and remained in jail, failing to give an appeal bond, and his appeal was dismissed in the County Court, the same was reversible error and he was entitled to a trial de novo under articles 921, 924 and 925, Code of Criminal Procedure. Following Guenzel v. State, 47

Appeal from the County Court of Grayson.    Tried below before the Hon. Dayton B. Steed.

Appeal from a conviction of vagrancy; penalty, a fine of one hundred dollars.

The opinion states the case.

*E. W. Neagle,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Upon complaint therefor, appellant was charged and tried in the Justice Court for vagrancy. He was fined one hundred dollars and all costs. He was in actual custody of the sheriff at the time. The judgment of conviction in the Justice Court orders that he be remanded to the custody of the sheriff until the fine and costs were fully paid, and that in addition a capias pro fine was issued to the sheriff. Under that judgment and capias, appellant has constantly been confined in jail by the sheriff, and is now there. He gave notice of appeal in the Justice Court, which was duly entered at the time. He made no appeal bond. Proper transcript from the Justice Court was made and filed in the County Court. When the term of the County Court came on, the State moved to dismiss his appeal, because he failed to file any appeal bond, and this motion was sustained, and the County Court dismissed the appeal. He made a proper motion to set aside this dismissal, which was overruled, and he gave notice of appeal to this court, and the transcript is before us showing all these facts.

Article 921, C. C. P., enacts that, "in appeals from the judgments of justices of the peace and other inferior courts to the County Court, the defendant shall, if he be in custody, be committed to jail, unless he give bond with good and sufficient security," etc. The next article provides that when said appeal bond has been given and filed with the justice, the appeal shall thereby be perfected, and no appeal shall be dismissed on account of the failure of the defendant to give notice of appeal in open court, nor on account of any defect in the transcript. The next article provides for giving a new bond in the County Court in case the other should be held defective. Article 924 provides: *"If the defendant is not in custody,* a notice of appeal shall have no effect whatever until the required appeal bond has been given and approved"; and then requires such appeal bond to be given within ten days after the judgment refusing a new trial, and not afterwards.

Under these articles taken together, we are clearly of the opinion that they give a convicted person in the Justice Court the absolute right of appeal to the County Court in either of two methods: first, if he is in custody and remains in custody pending his appeal, it is wholly unnecessary for him to give any bond; second, he can appeal by giving the proper bond. He thereby obtains his liberty pending appeal.

This court, through Judge Henderson, in Guenzel v. State, 47 Texas

Crim. Rep., 111, expressly held: "There are two ways to give the County Court jurisdiction of an appeal from the Justice Court. One is, where the appellant remains in the custody of the sheriff pending the appeal, and the record so shows; and the other is, where he presents and files within the prescribed time an appeal bond in accordance with the terms prescribed by law. When either course is pursued the County Court has jurisdiction, and he can then make his appearance in that court for trial de novo." We can find no decision of this court to the contrary. Article 925 expressly requires that when an appellant appeals from the Justice Court to the County Court, "the trial shall be de novo in the County Court, the same as if the prosecution had been originally commenced in that court."

The judgment of the County Court dismissing appellant's appeal from the Justice Court must, therefore, be reversed, and this cause will be remanded to the County Court for a trial *de novo* therein.

*Reversed and remanded.*