# CHARLESTON.

## State v. Tharp.

Submitted October 23, 1917. Decided October 30, 1917.

1. CRIMINAL LAW—*Right of Appeal—Recognizance.*

A person convicted of crime by a justice of the peace is entitled, as matter of right, to an appeal without giving bond or entering into a recognizance, provided he applies therefor within a reasonable time after conviction. (p. 195).

2. SAME—*Right of Appeal—Delay.*

A justice of the peace can not defeat the right of appeal by unreasonable delay in granting it, after application therefor has been duly made. (p. 195).

3. SAME—*Appeal—Personal Demand.*

It is not indispensable that the prisoner should appear before the justice in person to demand an appeal. (p. 195).

4. SAME—*Appeal—Recognizance.*

The recognizance or appeal bond provided for by Sec. 230, Ch. 50, Code, is essential to secure the release of the prisoner, pending the appeal, but it is not a prerequisite to the right of appeal. (p. 196).

Error to Circuit Court, Webster County.

Mathew Tharp was convicted of unlawfully carrying a pistol without a state license in violation of statute, his appeal was dismissed, and he brings error.

*Reversed and remanded for trial.*

81 W. Va.

*W. S. Wysong, J. M. Hoover* and *J. S. Cogar,* for plaintiff in error.

*E. T. England,* Attorney General, *Charles Ritchie* and *Henry A. Nolte,* Assistant Attorneys General, for the State.

WILLIAMS, JUDGE:

Defendant was, on the 10th day of July, 1915, tried by a justice of the peace of Webster County on a warrant charging him with unlawfully carrying a pistol about his person, without a state license, in violation of Sec. 7, Ch. 148, Code, and found guilty and sentenced to pay a fine of $50.00 and serve a term of six months in the county jail and to work on the county roads. Six days after the prisoner had been committed to jail he tendered to the justice an appeal bond with security and demanded an appeal. The justice delayed granting the appeal, until the 28th of July, to ascertain whether the sureties on the bond were sufficient, and being satisfied they were financially responsible, he on that day granted the appeal.

When the case was called for trial in the circuit court on the 15th of October, 1915, the prosecuting attorney moved to dismiss the appeal on the ground that it had been improvidently awarded, and defendant, by counsel, objected. The court sustained the motion, and dismissed the appeal for the reason, as stated in the order, that the appeal had not been demanded on the day of trial, or until after defendant had been regularly committed to jail by the justice, and because the appeal was not granted until the 28th of July, eighteen days after the trial, and remanded him to jail, and defendant seeks reversal of the judgment.

It appears from the transcript of the justice's docket that the justice received the appeal bond on the 16th day of July. It was, by its very terms, an application for an appeal, and it was not indispensable for the prisoner to appear in person in order to demand an appeal.

Six days was not an unreasonable time within which to apply for an appeal, and defendant was entitled to it as matter of right. In *Vetock* v. *Hufford,* 74 W. Va. 785, we held that section 230 of chapter 50 of the Code, properly con-

strued, gave to a person convicted of crime by a justice of the peace an absolute and unqualified right of appeal to the circuit court, as a means of preserving to him his constitutional right of trial by a jury of twelve persons, according to the course of common law; but that his right to be discharged from custody, pending the appeal, was conditioned upon his entering into a recognizance before the justice or giving bond with surety deemed sufficient by him, as therein provided. This decision was approved in *Emsweller* v. *Wallace*, 78 W. Va. 214, 88 S. E. 787, and the same rule reiterated, and we there held that the only limitation upon such right is, that the person convicted should apply for the appeal within a reasonable time after his conviction. The justice could not by his delay in granting the appeal, after application had been made, defeat the prisoner's right thereto. He had complied with the law by making demand for an appeal within a reasonable time after his conviction. We do not wish to be understood as holding that eighteen days, the time consumed by the justice before he granted the appeal, would be an unreasonable time in which to apply therefor. It is not necessary to decide that question, as defendant applied for the appeal in a shorter time. The justice of the peace should have granted the appeal when application was made, without regard to the bond, and then have taken a reasonable time to ascertain the sufficiency of the bond before releasing the prisoner from jail. The bond is not a prerequisite to the prisoner's right to an appeal, but only to his discharge from custody pending the appeal.

The giving of the bond in this case was the equivalent of a recognizance, and was, in effect, a compliance with the provisions of said section 230 of chapter 50 of the Code, entitling defendant to his release pending the appeal. The penalty of the bond was $200, conditioned that the defendant personally appear before the circuit court of Webster county to answer the charge brought against him before the justice of the peace and not to depart thence, without leave of the court. Such would have been the conditions of his recognizance, had one been taken.

The judgment is reversed and the case remanded for the trial of the prisoner in the circuit court in the manner provided by law.

*Reversed and remanded for trial.*