[No. 2525]

# THE STATE OF NEVADA, RESPONDENT, v. SAMUEL COHEN, APPELLANT.

[201 Pac. 1027]

1. CRIMINAL LAW—ONE WHO SERVED SENTENCE CANNOT PROSECUTE APPEAL.
   Where one was sentenced to jail and perfected appeal, but failed to obtain a stay of execution pending the appeal under Rev. Laws, 7294, and obtained a writ of habeas corpus after serving one month, and was released upon the ground that the remainder of his sentence was void, he cannot further prosecute the appeal to have the stigma removed from his good name.

APPEAL from Second Judicial District Court, Washoe County; Thomas F. Moran, Judge.

Samuel Cohen was convicted of wife-and-child desertion, and appeals. **Appeal dismissed.**

H. V. Morehouse, for Appellant:

Appellant is entitled to have his appeal determined. Courts are provided to do justice, to protect the innocent, preserve the character of individuals, and not to permit any injustice or wrong to a citizen by summarily and arbitrarily avoiding the performance of a judicial duty. The party aggrieved may appeal in all criminal cases. Rev. Laws, 7286; People v. Logan, 1 Nev. 110. Appeal may be taken from an order refusing a new trial. Rev. Laws, 7251.

There are existing facts and rights to be determined. "A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights." Pac. L. Co. v. Mason V. M. Co., 39 Nev. 111. The points urged on the appeal could not be passed on under the writ of habeas corpus. "A writ of habeas corpus cannot be used to perform the functions of an appeal or writ of error." Ex Parte Davis, 33 Nev. 309; Esmeralda County v. Wildes, 36 Nev. 535; Eureka Bank Cases, 35 Nev. 102.

"An appeal is a matter of right and is remedial. In

doubtful cases, therefore, where the substantial interests of the parties are affected, doubt should be resolved in favor of the right, and the appeal should be entertained." Hayne, New Trial and Appeal, sec. 272. If the subject-matter of the appeal has not been settled, compromised or waived, there is no moot question. White Crest Co. v. Sims, 69 Pac. 1094; Wood v. City, 62 Pac. 139; McSorley v. Lindsay, 113 Pac. 267.

"We should be slow to suppose that the legislature meant to take away the right to undo the disgrace and legal discredit of a conviction * * * merely because a wrongly convicted person has paid his fine or served his term." Commonwealth v. Fleckner, 44 N. E. 1053; Page v. People, 99 Ill. 418; Barthelmy v. People, 2 Hill (N. Y.) 248; Johnson v. State, 172 Ala. 424; 12 Cyc. 807, 808. "Of far more importance, however, is the defendant's right to be relieved of the odium and disgrace of a conviction." People v. Marks, 120 N. Y. S. 106; Roby v. State, 71 N. W. 1046.

*L. D. Summerfield,* District Attorney, and *Harlan L. Heward,* Assistant District Attorney, for Respondent:

The appeal should be dismissed, all points presented for determination being now moot questions. The judgment has been completely satisfied, and there is nothing on which this court's decision could operate. Appellant waived his right to a stay of execution by failure to apply for a certificate of probable cause. "When an order appealed from is of such a nature that its execution has left nothing upon which a judgment can operate, the appeal will be dismissed, unless such right was specially reserved." State v. Pray, 30 Nev. 206; Mills v. Green, 159 U. S. 651. "An appeal or writ of error will be dismissed where before the appeal or writ of error has been determined, defendant fully complies with the judgment and sentence of the trial court." 17 C. J. 193; Trapp v. State, 186 Pac. 737; Kitchens v.

State, 61 S. E. 736; Ex Parte Stedham, 208 S. W. 930; Harris v. Lang, 27 App. D. C. 84; U. S. v. Mills, 11 App. D. C. 510; Tabor v. Hipp, 70 S. E. 886.

By the Court, DUCKER, J.:

This is a motion to dismiss the appeal which came on to be heard in advance of a hearing on the merits, by stipulation of the parties. Appellant was found guilty by a jury in the Second judicial district court, in and for Washoe County, upon a charge of wife-and-child desertion; said wife and children being in necessitous circumstances. He was thereafter, on the 27th day of June, 1921, sentenced to be punished by imprisonment in the county jail for a term of not less than one month, nor more than twelve months, and remanded to the custody of the sheriff for the execution of sentence. Appellant in due time made a motion for a new trial and moved in arrest of judgment. From the judgment and order denying a motion for a new trial this appeal is taken.

It appears from the certificate of the clerk of the court in which the conviction was had, annexed to the notice of motion to dismiss the appeal, that no application for a certificate of probable cause to stay the execution of judgment was ever made.

After appellant had served one month of his imprisonment, and on the 26th day of July, 1921, he applied to the court in which judgment was rendered for a writ of habeas corpus. It was alleged that the illegality of his confinement consisted in this:

"That no definite period of time was fixed for the punishment and imprisonment of the said Samuel Cohen under said sentence, and that there is no law in this state authorizing or empowering the aforesaid district court to pronounce an indeterminate sentence in a case of misdemeanor against the said Samuel Cohen, and that the said offense for which he was prosecuted was and is a misdemeanor, and that he, the said Samuel

Cohen, has now served the said period of one month, fixed in the said sentence and judgment of the court, and is entitled to his discharge from custody, for the reason that the remainder of said sentence over and above the said one month is illegal and void, and that the said confinement and restraint and deprivation of liberty of the said Samuel Cohen by the sheriff is now illegal, and he, the said Samuel Cohen is entitled to his discharge from custody."

The writ was granted and the petitioner released from custody on said 26th day of July, 1921.

Upon these facts counsel for the state urges that all questions presented on the appeal have become moot questions, and insists that it should be dismissed.

Appellant contends, and the affidavit of his counsel sets forth, that the appellant's guilt or innocence, the jury's disregard of the instructions of the court, as well as the disregard of its own instructions by the court, are questions involved in the motion for a new trial and in arrest of judgment; that these questions are presented by a duly settled bill of exceptions; and that, as the appeal from the order denying the motion for a new trial herein is a distinct and separate appeal from the judgment, the said questions are squarely before the court on appeal, and affect the substantial rights of this appellant, and also the State of Nevada, and are therefore not moot questions. While we are unable to perceive why the fact that these questions are brought before this court on an appeal from the order denying a new trial has any bearing on the motion before us, it is plain that their determination could have no practical result in the case.

Assuming that a decision on the merits would result favorably to appellant, the most that could be determined is that the evidence was insufficient to establish his guilt of the offense charged, or at least that he was illegally convicted by reason of erroneous instructions.

A reversal of the case by this court on any or all of the errors claimed could afford him no relief from the judgment. He has satisfied that by the term of imprisonment served, and has been discharged from custody. Consequently the controversy between the state and appellant involved in this appeal has been terminated as effectually as though a verdict of not guilty had been rendered. There is nothing material to be accomplished—nothing on which the judgment of this court can act effectively and work an advantage to the appellant. People v. Leavitt, 41 Mich. 470, 2 N. W. 812.

While there are cases to the contrary, the weight of authority is to the effect that an appeal or writ of error will be dismissed when there has been a voluntary payment by the defendant of the fine imposed. Brown v. Atlanta, 123 Ga. 497, 51 S. E. 507; State v. Westfall, 37 Iowa, 575; State v. Conkling, 54 Kan. 108, 37 Pac. 992, 45 Am. St. Rep. 270; Eustler v. Com., 154 Ky. 35; People v. Leavitt, 41 Mich. 470, 2 N. W. 812; Washington v. Cleveland, 49 Or. 12, 88 Pac. 305, 124 Am. St. Rep. 1013; Commonwealth v. Gipner, 118 Pa. 379, 12 Atl. 306; Batesburg v. Mitchell, 58 S. C. 564, 37 S. E. 36; Payne v. State, 12 Tex. App. 160; Madsen v. Kenner, 4 Utah, 3, 4 Pac. 992; State v. Pray, 30 Nev. 207, 94 Pac. 218; 17 C. J. 193.

In the case of Trapp v. State (Okl. Cr. App.) 186 Pac. 737, an appeal was taken from a judgment of conviction. It was dismissed on motion of the attorney-general. The court stated as one of its reasons for the dismissal:

"That each defendant having been committed to jail under said judgment, they have long since served their respective terms of imprisonment, any legal question involved in this pretended appeal is moot."

There can be no real distinction which might call for the application of a different rule, in a case where a fine has been imposed and one where the term of imprisonment adjudged has been served. This was

pointed out in State v. Westfall et al., supra, in which
the court said:

"By voluntarily paying a fine imposed upon them,
they [appellants] stand in the same relation to the law
as they would have done if they had served their period
of imprisonment. All that can be said for them is that
they have paid money in mistake of their legal rights.
If the money need not have been paid, they have clearly
made a mistake of law. If, upon this appeal, the judg-
ment should be reversed, they could not recover it, and
hence they could derive no benefit from the appeal.
The judgment of the court, upon appeal, would deter-
mine a mere abstraction."

An appeal was dismissed by this court in the case of
State v. Pray, supra, on the following facts: Pray and
his codefendant, Langdon, were convicted of a felony,
and appealed from the judgment and order denying
their motion for a new trial. The former paid his fine
under protest, and attempted by stipulation of his coun-
sel with the district attorney to reserve the right of
appeal. The attempted reservation was declared void
by the court. In the course of its opinion upon this
phase of the case, the court said that it fell within a
class of cases referred to in 2 Cyc. 648, 649:

"Where an order appealed from is of such a nature
that its execution has left nothing upon which a judg-
ment of reversal can operate, the appeal will be dis-
missed, unless such right was specially reserved"
—and pointed out that upon a reversal of the case no
effective relief could be granted for the reason that
neither this court nor the trial court had power to
direct that the fine paid by Pray be restored to him.
As previously stated, there can be no distinction
between the voluntary payment of a fine and serving
a term of imprisonment. Both satisfy the judgment of
the lower court and leave nothing upon which a decision
on appeal could operate. Counsel for appellant would
distinguish the Pray case, and referring to the summary

of the briefs preceding the opinion, urges that, as it appears a fine was imposed instead of a sentence of imprisonment, at the request of the defendants, and the appeal taken after the payment of the fine, it was deemed waived by the appellate court. Whereas, in the instant case, he insists there could be no waiver of appeal, for the reason that the appeal was perfected and pending before appellant was released on habeas corpus. The opinion in the Pray case speaks for itself, but, be that as it may, the effect is the same in either instance. The voluntary payment of a fine or serving a term of imprisonment in a criminal action operates as a final disposition of the case, and precludes the defendant from prosecuting an appeal or proceeding further with an appeal already commenced.

If this appeal should be maintained, the appellant can derive no benefit in point of law from the judgment of this court. It is insisted that the conviction is erroneous for the reasons given, and casts a stigma upon appellant's good name, which he is entitled to have removed by a judgment of reversal. We agree with counsel for appellant, and the poet and authorities he quotes, and are also mindful of the scriptural assurances that a "good name is better than riches." Its loss or impairment is a melancholy disaster to any one who values it. But we do not perceive how we can revive a dead judgment for the purpose of quieting title to a good reputation. Appellant's opportunity to relieve himself of any odium that may have attached to his name on account of his conviction was lost by his failure to avail himself of the procedure provided for staying execution of judgment, pending an appeal. See Rev. Laws, 7294.

The authorities cited and quoted by appellant (Com. v. Fleckner, 167 Mass. 13, 44 N. E. 1053; Barthelmy v. People, 2 Hill [N. Y.] 248; People v. Marks [Gen. Sess.] 120 N. Y. Supp. 1106; Roby v. State, 96 Wis. 667, 71 N. W. 1046), in which the right to maintain an appeal,

notwithstanding the payment of the fine imposed, on account of the disgrace attaching to the defendant's good name by reason of the conviction, belong to a class of cases which form the minority rule. See note Ann. Cas. 1913E, p. 300. The doctrine advanced was not recognized in State v. Pray, and we cannot sanction it.

A defendant who has taken an appeal in a criminal action is entitled to a reversal only when there is prejudicial error in the record, and an existing judgment upon which the decision of this court can operate.

Appellant served one month of the sentence imposed, and applied for a writ of habeas corpus to be released from further imprisonment, upon the ground that the remainder of his sentence was void. His petition was granted, and he was discharged from custody. He cannot now be heard to contend that the judgment has not been satisfied.

The appeal is dismissed.