THOMAS *v.* MONTCALM CIRCUIT JUDGE.

CRIMINAL LAW — APPEAL AND ERROR — VOLUNTARY PAYMENT OF FINE RENDERS CASE MOOT.

> Although one convicted upon his plea of guilty in justice's court may appeal and in the circuit court withdraw his plea of guilty and enter one of not guilty, yet where the judgment of conviction is satisfied by the voluntary payment of the fine imposed the case becomes a moot one and no relief may be granted on appeal.

Mandamus by Frank Thomas to compel Royal A. Hawley, circuit judge of Montcalm county, to vacate an order dismissing an appeal. Submitted June 3, 1923. (Calendar No. 31,336.) Writ denied July 24, 1924.

*Charles H. Goggin* (*George P. Stone,* of counsel), for plaintiff.

*Frank A. Miller,* Prosecuting Attorney, for defendant.

FELLOWS, J. On October 9, 1923, complaint was lodged with a justice of the peace of Montcalm county charging the present plaintiff with the larceny of 4 bushels of rye of the value of $4, the property of the Pere Marquette Railway Company. The following day plaintiff was arrested, arraigned before the justice, pleaded guilty, was fined $25 and costs with the alternative of 60 days in the county jail. He then paid the fine and costs. On October 19th he perfected an appeal to the circuit court for Montcalm county. The prosecuting attorney moved to dismiss the appeal because the judgment of conviction has been satisfied and plaintiff moved to be permitted to

On payment of fine, serving sentence, or discharge on *habeas corpus,* as waiver of right to review conviction, see note in 18 A. L. R. 867.

withdraw his plea and plead not guilty, accompanying his motion with a showing that he had been unduly and fraudulently induced to plead guilty by the detective of the railway company. The trial judge upon the authority of the former holdings of this court denied plaintiff's motion and dismissed his appeal. This proceeding in mandamus seeks the vacation of such orders.

Plaintiff's counsel is correct in his contention that one convicted upon his plea of guilty in justice's court may appeal and in the circuit court withdraw his plea of guilty and enter one of not guilty, and that this is a matter of right. *People* v. *Richmond,* 57 Mich. 399. But the question here presented is whether after the judgment of conviction is satisfied by the voluntary payment of the fine such right is still preserved. In numerous decisions of this court it has been held that where the fine has been fully paid and the judgment of conviction thereby discharged by the defendant's own act, the case becomes a moot one and no relief can be granted on appeal. *People* v. *Leavitt,* 41 Mich. 470; *Powell* v. *People,* 47 Mich. 108; *City of Ishpeming* v. *Maroney,* 49 Mich. 226; *Ideal Furnace Co.* v. *Molders' Union,* 204 Mich. 311; *People* v. *Ortwski,* 220 Mich. 462; *People* v. *Melovicz,* 221 Mich. 620. This holding is in accordance with the weight of authority. In a note to *State* v. *Cohen,* 45 Nev. 266 (201 Pac. 1027), found in 18 A. L. R. 867, 870, the authorities are reviewed and it is said by the editorial writer:

"There is some conflict in the decisions on the right, of a defendant after he has paid a fine, to have reviewed the judgment imposing the fine, but the view is taken in a majority of the jurisdictions that a voluntary payment of the fine terminates the action and precludes a review of the conviction. * * *

"Though a judgment is in the alternative, imposing a fine, or, in the case of nonpayment, incarceration,

it has been held that a payment of the fine is voluntary, and bars the right to a review of the conviction by an appellate court."

By his own act the present plaintiff has placed himself in a position from which this court in this proceeding cannot extricate him.

The writ must be denied, but without costs.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.