### STATE *v.* FRED SCHREIBER.

(*May* 10, 1933.)

HARRINGTON, J., sitting.

*Percy Warren Green*, Deputy Attorney-General, for the State.

*H. Eugene Savery* for the defendant.

Court of General Sessions for New Castle County, No. 43, January Term, 1933.

HARRINGTON, J., delivering the opinion of the Court:

*Article* 4 *of Section* 30 of the *Constitution* of 1897 gives the General Assembly the right to "grant or deny the privilege of appeal to the Court of General Sessions."

Pursuant to this provision, *Section* 146, *c.* 10, *Vol.* 36, *Laws of Delaware,* provides:

"Any person convicted under the provisions of this Act shall have the right of an appeal unless otherwise stated in this Act, to the Court of General Sessions of the County, upon giving bond in the sum of Five Hundred Dollars ($500.00) to the State with surety satisfactory to the Mayor, Justice of the Peace or Judge before whom such person was committed. Such appeal to be taken and bond given within five (5) days from the time of conviction."

This provision of the statute is clearly for the benefit of the person convicted and may, therefore, be waived by him.

The defendant voluntarily paid the fine and costs imposed on him by reason of his plea of guilty and has, therefore, waived his right of appeal in this case. *State v. Cohen,*

45 *Nev.* 266, 201 *P.* 1027, 18 *A. L. R.* 864; *Ann. Cas.* 1913*E,* 300, *Note; State v. People's Ice Co.,* 127 *Minn.* 252, 149 *N. W.* 286, *Ann. Cas.* 1916*C,* 618; 17 *C. J.* 48, §§ 3326, 3327.

Conceding that there may be some cases that have adopted a contrary rule (*Com. v. Fleckner,* 167 *Mass.* 13, 44 *N. E.* 1053; *Johnson v. State,* 172 *Ala.* 424, 55 *So.* 226, *Ann. Cas.* 1913*E,* 296; *People v. Marks,* 64 *Misc.* 679, 120 *N. Y. S.* 1106) they do not represent the weight of authority, or, as I view it, the most reasonable view of the matter.

The defendant points out that under the *Motor Vehicle Act* (*Sections* 66, 81), the revocation of a driver's license automatically follows a conviction of driving while intoxicated and contends that he has the right to clear himself of that stigma. But it is not even contended that that is a part of the sentence imposed by the lower court.

The State's motion to dismiss the appeal is, therefore, granted.