(No. 33938.—

WINSTON BURNS, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed November 26, 1956.*

Winston Burns, *pro se.*

Latham Castle, Attorney General, of Springfield, (Fred G. Leach, and Edwin A. Strugala, of counsel,) for appellee.

Mr. Justice Daily delivered the opinion of the court:

In 1913, at a time when he was 17 years old, Winston Burns, to whom we shall refer as defendant, was indicted in the criminal court of Cook County for the crime of robbery. He entered a plea of guilty, which was persisted in after due admonition by the court, and was sentenced to the Illinois State Reformatory at Pontiac for a term

of one to fourteen years. In August, 1953, more than forty years after his conviction, defendant filed in the same court what purported to be an application for a writ of error *coram nobis* wherein it was prayed that the judgment of conviction be set aside. The application was dismissed after hearing, and no appeal was taken. On August 29, 1955, defendant filed a second application, of like tenor, which was dismissed on a motion of the People which set forth: (1) that the application was not filed within the five-year period after judgment, required by section 72 of the Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 196,) and (2) that the issues raised were *res judicata* by virtue of the dismissal of the prior application. This appeal has followed and inasmuch as the writ of error *coram nobis* has long been abolished in this State, (See: *McKindley* v. *Buck,* 43 Ill. 488,) we shall, as the court did below, treat defendant's pleading as being a motion in the nature of a writ of error *coram nobis* as contemplated by section 72 of the Civil Practice Act, the purpose of which is to bring before the court matters of fact not appearing of record, which, if known at the time a judgment was rendered, would have prevented its rendition. *People* v. *Touhy,* 397 Ill. 19.

From the documents and brief filed by defendant in this court, we learn that he was convicted in the State of New York in 1946 for assault and sentenced to imprisonment for a term of ten to twenty years. As a result of that conviction he was, and now is, incarcerated in the Attica State Prison, Attica, New York. His claimed objective in now proceeding to set aside his prior conviction in this State, is to enable him to obtain a reduction of his present sentence, the term of which, he contends, is based in part on the said prior conviction. While it would appear at first blush that the passage of time has rendered moot the questions relating to defendant's conviction in this jurisdiction, we are committed to the principle that the

satisfaction of a judgment in a criminal case does not affect the accused's right to a reversal of such judgment if it be erroneous, and if he makes a timely application for review. *People* v. *Shambley,* 4 Ill.2d. 38.

The judgment sought to be vacated is, however, not open to review in the manner attempted. Section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1953, chap. 110, par. 196,) provides that the motion to correct errors of fact shall be made at any time within five years after the rendition of final judgment, provided, however, that the time a person entitled to make the motion is under legal disability shall be excluded from the computation of the period of limitation. In construing this statute we have held that a period of imprisonment imposed by the judgment is not such disability or duress as would stop the running of the limitation. (*People* v. *Rave,* 392 Ill. 435.) Here defendant's motion has not been filed until some 42 years after judgment was rendered against him, 38 years after his legal disability of infancy had passed, and 28 years after the maximum limit of his term of imprisonment. Under the circumstance that there is no showing that defendant has been under a continuing legal disability since reaching maturity, we must hold that his motion is barred by the five-year period of limitation fixed by the statute. *People* v. *Rave,* 392 Ill. 435; *People* v. *Sprague,* 371 Ill. 627.

Although we have disposed of this cause on the pleadings, brief attention should be given to its merits. Defendant has presented no facts which, if known to the court, would have prevented the rendition of judgment against him, but advances as his sole ground for relief that he was not furnished with the assistance of counsel in violation of his constitutional rights. Although a motion is not available for the purpose of correcting errors at law, (*People* v. *Sprague,* 371 Ill. 627,) it is sufficient to point out that an additional record filed by the People to compensate for

omissions from the record filed by the defendant, discloses that the latter was in fact represented by court-appointed counsel who was present in court when defendant's plea of guilty was explained and accepted and judgment entered. Contentions based upon a faulty record cannot be sustained where the record is corrected by the filing of an additional transcript showing the true state of the record. *People* v. *Walker*, 409 Ill. 232.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*