## JONES *v.* STATE

[No. 43, September Term, 1957.]

(Two Appeals In One Record)

*Decided November 18, 1957.*

*Motion for rehearing filed December 17, 1957, denied December 18, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Bartholomew B. Coyne,* with whom was *John P. Moore* on the brief, for appellant.

*Theodore C. Waters, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Blair H. Smith, State's Attorney for Prince George's County,* and *Thomas R. Brooks, Assistant State's Attorney,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

We have here two appeals in one record. Nathan Jones was convicted of assault by a jury in the Circuit Court for Prince George's County as a result of having shot one Gilchrist in the leg as he was either being thrown out of, or trying to get back into, Jones's tavern. Jones was sentenced on November 8, 1956, to pay a fine and to serve a term of thirty days in jail. He paid the fine and served the sentence. On

April 3, 1957, he filed a motion to set aside the verdict and for a new trial on the ground of newly discovered evidence which showed that witnesses for the prosecution had given perjured testimony at the trial.

The first appeal, which was noted in due time, is from the judgment and sentence. The payment of the fine and the serving of the sentence did not take away the right of appeal. *Duncan v. State,* 190 Md. 486. The second appeal is from the refusal of the trial judge some five months later to strike out the verdict.

In his trial, Jones did not move for a directed verdict either at the end of the State's case or at the end of the whole case. The legal sufficiency of the evidence therefore is not before us. *Braxton v. State,* 214 Md. 370; *Briley v. State,* 212 Md. 445. The trial court was not requested to, and did not, give any advisory instructions to the jury. No question of evidence is raised. It is manifest that in the first appeal no question is presented for appellate review.

In considering the second appeal, it is to be noted that the testimony for the State and that for the defense presented diametrically conflicting versions of the occurrence, Gilchrist and other witnesses for the State contending that he was shot from the rear, and Jones and his witnesses saying that he was shot in self-defense as he lunged at Jones with his hand held so as to lead to the belief that he had a weapon in it. Appellant urges that the verdict should be stricken because the newly discovered evidence establishes (a) that the shot entered the front of Gilchrist's leg and went out the back, and not the other way round; and (b) that, according to the weather bureau records, no rain fell on the day of the shooting although Gilchrist testified that rain fell on his face as he lay on the ground after being shot. It is claimed that this shows perjury on the part of key witnesses for the State. Judge Digges denied the motion to set aside the verdict for two reasons, each of which, he found, deprived the court of the power to act: first, that the motion to strike was not made until after the expiration of the term in which the judgment was entered; and second, that the motion was presented for decision at a time when an appeal was pending in this Court.

We think it is clear that the Circuit Court was without power to act on the motion to strike the judgment. Maryland Rule 625 provides that in civil cases, the court has full revisory power over judgments or decrees for a period of thirty days after their entry with revisory power thereafter only in case of "fraud, mistake or irregularity", thus making the power of the court, during and after the period specified, the same as it used to be during and after the term in which the judgment was entered. There is no thirty day provision as to judgments in criminal cases and, as to them, the power of the court expires with the end of the term, absent fraud, surprise or mistake. *Madison v. State,* 205 Md. 425, 431; *Coleman v. State,* 209 Md. 379. In *Tiller v. Elfenbein,* 205 Md. 14, 21, Judge Henderson reviewed for the Court the cases in which, at the same time, there were both a motion to strike and an appeal to the Court of Appeals. He pointed out that in *Dietrich v. Anderson,* 185 Md. 103, 111, an equity case, and in the cases therein relied on—*Eastern States Corp. v. Eisler,* 181 Md. 526, and *Collier v. Collier,* 182 Md. 82, (in all of which the lower court was held to be without power to act) the appeal was still pending when the motion to strike came on for hearing. He noted also that in *Giles v. DiRobbio,* 186 Md. 258, 261, this Court held that the trial court properly dismissed a petition to strike a judgment on the ground of newly discovered evidence, because the appeal from the judgment was still pending when the motion was heard. The conclusion in *Tiller v. Elfenbein* was that "* * * the later cases do establish the rule that if the appeal is still pending when the motion to strike the judgment comes on for hearing, the trial court lacks jurisdiction to entertain the motion, regardless of whether the motion is of the type that may be renewed or not." The reference to the matter of renewing the motion is to situations where a judgment or decree could be attacked on the ground of fraud, surprise or mistake after the expiration of the thirty day period or of the term in a criminal case, and, so, of course, after the decision on appeal. The rule laid down in the *Tiller* case is applicable to criminal cases. *Thompson v. State,* 184 Md. 555, 556. We think the

court below properly denied the motion because of the pendency of the appeal at the time it was heard.

We think no good purpose would be served by remanding the case to give an opportunity to the lower court to act on the motion to strike the judgment or a renewal thereof because we see no ground which could justify the granting of the motion. The judgment was entered in November, 1956, and the new term began on the third Monday in January, 1957. Rule Two of the Rules of the Circuit Court for Prince George's County. See *Code of Public Local Laws of Prince George's County* (Flack, 1943), p. 846. The motion was not filed until April 3, 1957. In *Madison v. State, supra,* the motion to strike, made long after the term ended, was based on the affidavit of a recanting witness that she had not told the truth at the trial. The court treated the motion as if the remedy of the writ of error *coram nobis* had been invoked, and held that relief could not be granted on the claim that a witness had testified falsely at the trial. The opinion pointed out that a convicted defendant who moves to set aside his conviction on the ground that it was produced by the use of perjured testimony has the burden, if he is to be granted relief, of showing not only that material perjured testimony was used to convict him, but also that it was knowingly and intentionally used by the prosecuting authorities.

In the present case, there are no allegations of fraud, surprise or mistake, and none which give the claim of the appellant any force or effectiveness as a writ of error *coram nobis*. The affidavits relied on (obtained by his present counsel who did not represent him at the trial) are those of Prince George's County police officers that the bullet, in their judgment, entered the front of Gilchrist's leg and emerged from the back. One of the police officers testified at the trial that on the night of the shooting Jones had turned over to him the gun used. Jones's trial counsel declined to question the witness. The inference seems inevitable that the reports of the police officers, who investigated the incident the night it happened, were matters of record at the time of the trial and that what the officers aver in their affidavits was then available to Jones if he had wished to call them. If they

had then testified along the lines of their affidavits, their testimony would have been only cumulative to that of the defense witnesses who did say that Gilchrist was shot from the front. Under all the circumstances, the evidence now relied on scarcely meets the tests necessary to make it "newly discovered" for appellant's purposes. *2 Underhill's Criminal Evidence,* 5th Ed., Secs. 430-438.

The discrepancy between the weather bureau report and Gilchrist's testimony would hardly seem to be sufficiently important to have any real significance in aid of the motion urged by the appellant.

> *Judgment and sentence affirmed and order of court denying motion to strike judgment affirmed, with costs.*