JAMES F. PICKETT *vs.* FRANK J. CONLEY, *Clerk.*

JANUARY 7, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

CONDON, C. J.   This is a petition for mandamus to the clerk of the police court of the city of Providence.   Upon the filing of the petition in the superior court an alternative writ was issued commanding the respondent to forthwith certify to that court the petitioner's appeal from a conviction by the police court of "indecent intoxication" or to appear and show cause why the petition should not be granted.   The respondent appeared and moved to quash the petition and the alternative writ on the ground that the petitioner had refused to comply with general laws 1938, chapter 630, and enter into a recognizance pending said appeal, as is required by §4 of such chapter.   After a hearing on the motion, the trial justice granted it and entered judgment as prayed for therein.   From such judgment the petitioner has appealed to this court.

The respondent's motion to quash, like a demurrer, must be deemed to admit the facts well pleaded in the petition. It is therein alleged that on January 26, 1957 petitioner was arrested for indecent intoxication and arraigned later in the police court of the city of Providence; that he pleaded guilty, was fined $2 and costs, and was discharged; that on January 28 he claimed in writing an appeal to the superior court; that it thereupon became the duty of respondent to forthwith certify all the papers in said criminal case pursu-

ant to the provisions of public laws 1896, chap. 371, section XII, clause 7, and G. L. 1938, chap. 630; that respondent refused to do so unless and until petitioner entered into a recognizance conditioned to prosecute such appeal in the superior court and in the meantime pending such appeal to keep the peace; and that petitioner refused to give such recognizance because the same was not required by any provision of the aforesaid statutes as a prerequisite to the certification of an appeal.

It does not appear from the petition that petitioner paid the fine and costs, but it is undisputed that he had been discharged from custody when he filed his claim of appeal in the office of respondent. General laws 1938, chap. 630, §1, provides: "Every person aggrieved by the sentence of any district court for any offense may, within 5 days after such sentence, appeal therefrom to the superior court for the county in which said district court is established, by claiming an appeal in the court or in the office of the clerk of the court appealed from * * *." Section 9 of said chapter provides in substance that appeals from any court having jurisdiction of offenses against town or city ordinances shall be taken and proceed in the same manner as appeals from the district court.

It is undisputed that petitioner duly complied with such procedure. He therefore contends that respondent was thereupon bound to comply with §§2 and 6 of chap. 630. Section 2 provides: "If an appeal is claimed in the court or in the office of the clerk of the court appealed from, the claim and the time when made shall be noted upon the complaint, and also upon the mittimus, if any, issued upon the sentence appealed from * * *." No mittimus was issued in the instant case since petitioner was discharged.

Sections 3, 4 and 5 prescribe procedures for the fixing of the amount of a recognizance and the entering into therein by the appellant "in order to be discharged from immediate imprisonment upon such sentence," as stated in §4.

Since petitioner was at liberty when he claimed his appeal he contends that these sections cannot be applied to him. On the contrary he argues that the last sentence of §6 is a mandate with which respondent must comply and that he may not lawfully make the entering into a recognizance by an appellant a condition of such compliance. That sentence reads as follows: "On notice of a claim of appeal or of the taking of such recognizance, the clerk or justice of the court appealed from shall forthwith certify and transmit all the papers in the case to the clerk of the superior court, who shall receipt for the same."

It will be noted that the language of the above sentence does not say on notice of a claim of appeal *and* the taking of a recognizance, but is in the disjunctive. We need not decide at this time whether or not the legislature could validly require the entering into a recognizance with sureties as a condition to a defendant's right to a jury trial on appeal from a sentence of a district court or a police court as distinguished from a right to be discharged from custody pending such an appeal, since in our opinion chap. 630 does not go that far. It is clear to us that the legislature, in drafting the various sections of that chapter, was concerned principally with the problem of ways and means by which an appellant who was in custody could regain his liberty while his appeal was pending. In none of the nine sections of the chapter is there any language which necessarily implies, let alone expressly states, that a duly claimed appeal should not be transmitted to the superior court until the appellant entered into a recognizance.

However, while it is not necessary to our decision it is of interest to note that a constitutional phase of this problem arising under earlier statutes, although not involving the same factual situation as in the case at bar, was considered in *In re Liquors of McSoley*, 15 R. I. 608. In that case this court discussed *Inhabitants of Saco* v. *Wentworth*, 37 Me. 165, where a defendant, who was compelled to give

bond as a condition to his right to appeal, successfully defended a suit on the bond on the ground that such requirement was unconstitutional. In commenting on the reasoning of the Maine court in so holding, this court stated at page 612: "The ground taken by the court was that the accused was entitled, by the Constitution, to have a jury decide whether he was guilty or not of the offence laid to his charge, and that it was, therefore, incompetent for the legislature to say that he should not have the right so secured to him unless he would first give security not to violate any of the provisions of the act under which he was complained of, pending the complaint, the imposition of such a condition being foreign to the purposes for which an appeal bond could be properly required. We see no escape from this reasoning, certainly not in cases where, as here, the appellant himself is not held to bail."

In the case at bar it is apparent that the refusal of respondent to certify the papers in the case to the superior court must inevitably deprive petitioner of his constitutional right to a jury trial. If he had been sentenced to jail instead of being fined and had declined to enter a recognizance there is no question but that he would have the right to a jury trial in the superior court on his claim of appeal. Why then should he be deprived of it when he is not in custody? We think the respondent clearly misconceived the scope and purpose of chap. 630 under which he declined to certify the petitioner's appeal. Hence the superior court erred in granting his motion to quash the petition and the alternative writ.

The petitioner's appeal from the superior court's judgment on the motion to quash is sustained, such judgment is reversed, and the cause is remanded to the superior court for further proceedings under the alternative writ in accordance with this opinion.

*Aram K. Berberian,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for respondent.