380 P.2d 1009

**STATE of Arizona (City of Tempe), Petitioner,**

**v.**

**SUPERIOR COURT OF MARICOPA COUNTY, State of Arizona, the Honorable George M. Sterling, Judge of Said Court, and Alexander Thomas Cafarella, Respondents.**

No. 7803.

Supreme Court of Arizona,

En Banc.

April 24, 1963.

James R. Holman, City Atty., Tempe, for petitioner.

Max M. Klass, Phoenix, for respondent Cafarella.

Harold Goldman, Phoenix, for Arizona Civil Liberties Union, amici curiae.

William T. Choisser, Richard A. Wilson, M. B. Mosely, Eugene K. Mangum, Robert K. Corbin, Elizabeth Stover, Donald D. Holroyd, Edwin Thurston, Theodore Matz, Lawrence C. Cantor, Charles R. Johnston, Arthur M. Johnson, J. Early Craig, Jerry L. Angle, Leon S. Jacobs, William H. Gooding, Arthur B. Parsons, Jr., William G. Pearson, Jr., Robert W. Browder, James P. Bartlett, George Sorenson, Jack C. Cavness, Harold E. Whitney, Joseph T. Rich, Jr., Roy R. Carson, Alfred S. Cox, Marion R. Smoker, L. J. Cox, Jr., Phoenix, amici curiae.

JENNINGS, Justice.

Respondent Alexander Thomas Cafarella was convicted in a municipal court of driving under the influence of intoxicating liquor, and was sentenced to pay a fine of $100 or serve 40 days in jail. The fine was paid and respondent thereafter filed timely notice of appeal in the municipal court. The petitioner City of Tempe filed in the superior court a motion to dismiss the appeal for want of jurisdiction on the grounds that respondent had not posted a bond on appeal and that he had satisfied the sentence imposed by the municipal court. This motion was denied and petitioner sought from this Court a writ prohibiting the superior court from taking further action on the appeal. We granted a peremptory writ of prohibition in State v. Superior Court, 379 P.2d 133 (Ariz.1963).

A motion for rehearing was granted upon the urging of the amici curiae that A.R.S. § 22-372 as construed might be unconstitutional and that such an interpretation was not required.

The pertinent statutes provide as follows: A.R.S. § 22–371.

"A. The defendant in a criminal action may appeal to the superior court from the final judgment of a justice or police court.

"B. The appeal shall be taken within five days after judgment is given by filing a notice of appeal with the justice of the peace or presiding officer of a police court, stating that defendant appeals from the judgment to the superior court in and for the county."

A.R.S. § 22–372.

"A. Execution of the sentence shall not be stayed unless defendant executes a bond with sureties, in an amount fixed by the justice of the peace who gave the judgment, but not to exceed three hundred dollars, and files the bond with such officer when approved by him.

"B. The condition of the bond shall be that defendant prosecute his appeal with effect and pay any fine and surrender himself in execution of any imprisonment imposed by the superior court on the appeal."

■ A.R.S. § 22–371 designates the method of appeal in these cases. That is, an appeal is taken by filing a timely notice of appeal in the inferior court. A.R.S. § 22–372 does not affect the manner of appeal

but provides only for the filing of a bond if the defendant desires the execution of sentence to be stayed. Similar statutes have been so construed by other courts. State v. Leeper, 30 Idaho 534, 165 P. 997 (1917); Pickett v. Conley, 87 R.I. 21, 137 A.2d 408 (1958); Burt v. State, 79 Tex.Cr.R. 556, 186 S.W. 770 (1916); State v. Tharp, 81 W.Va. 194, 94 S.E. 119 (1917). The bond provided for by A.R.S. § 22–372 is not a prerequisite to the defendant's right to appeal but only to the stay of execution of sentence pending the disposition of the appeal. The Idaho court so construed its statute saying:

"Section 8324 merely provides that a party appealing may, in order to be released from custody or if he desires a stay of proceedings under the judgment, enter into a recognizance for the payment of any judgment, fine, and costs that may be awarded against him on appeal, and that he will faithfully prosecute the same and render himself in execution of any judgment or order entered against him in the district court.

"Assuming that refiling the bail bond was not a substantial compliance with the requirements of sections 8324, supra, it may be said that failure to comply therewith would only result in failure to stay the execution of the judgment of the probate court and would not defeat the jurisdiction of the district

**354**

court to hear the case, nor render the appeal subject to dismissal." State v. Leeper, supra, 30 Idaho at 536, 165 P. at 997.

■ In State v. Vallejos, 87 Ariz. 119, 122–123, 348 P.2d 554, 556 (1960), this Court said with respect to the right of appeal in criminal cases:

"One point, at least, is made crystal clear in these decisions, i. e., in criminal cases the availability of the appellate procedure to the individual defendant may not be denied on the basis of discriminatory economic distinctions. For, as stated by Justice Qua in his comments, supra: '* * * If a state provides for appellate review it cannot lay down a procedure that requires the payment of money which indigent persons may be unable to pay, unless it provides an alternative that affords an adequate and effective review to such persons.'"

The indigent must be allowed the opportunity to appeal for "There is no rational basis for assuming that indigents' motions for leave to appeal will be less meritorious than those of other defendants." Burns v. Ohio, 360 U.S. 252 at 258, 79 S.Ct. 1164 at page 1168, 3 L.Ed.2d 1209 (1959).

■ We now consider the other question raised by petitioner in the original proceedings. That is, whether a defendant who has been convicted in a municipal court and has satisfied the sentence imposed upon him may thereafter appeal to the superior court and receive a trial *de novo*. Although there is authority to the contrary, we believe that the better reasoning would allow an appeal in such a case. Town of White Sulphur Springs v. Voise, 136 Mont. 1, 343 P.2d 855 (1959); Burns v. People, 9 Ill.2d 477, 138 N.E.2d 525 (1956); State ex rel. Lopez v. Killigrew, 202 Ind. 397, 174 N.E. 808, 74 A.L.R. 631 (1931); Jones v. State, 214 Md. 525, 136 A.2d 252 (1957).

■ Arizona Const. art. 2, § 24, A.R.S. provides that "In criminal prosecutions, the accused shall have * * * the right to appeal in all cases; * * *." This constitutional right of appeal applies when a defendant has pleaded guilty in a municipal court. Burris v. Davis, 46 Ariz. 127, 46 P. 2d 1084 (1935). This provision would appear to be equally applicable when the defendant has satisfied a sentence imposed by a municipal court. A.R.S. §§ 22–371 and 22–372 indicate that the legislature contemplated that an appeal might be taken although the sentence had been satisfied, for only by posting a bond may a defendant avoid fulfilling his sentence while the appeal is pending. To hold that a bond is not prerequisite to perfecting an appeal would be a hollow concession to the plight of the indigent if we were now to hold that his right to appeal will nevertheless be denied

when his inability to post the bond requires satisfaction of his sentence.

■ Petitioner contends that satisfaction of sentence renders the question moot and constitutes a waiver of the right of appeal. However, the law recognizes and protects an individual's interest in his reputation and it would be absurdly inconsistent to dismiss as moot a proceeding initiated to clear one's name of the stigma and infamy of an allegedly erroneous conviction on a criminal charge. People v. Shambly, 4 Ill.2d 38, 122 N.E.2d 172 (1954); State ex rel. Lopez v. Killigrew, supra. We agree with Mr. Justice Holmes that:

"We should be slow to suppose that the legislature meant to take away the right to undo the disgrace and legal discredit of a conviction * * * merely because a wrongly convicted person has paid his fine or served his term. The fact that no indemnity is provided by this act is far from enough to lead us to that conclusion. Of course, the payment of the fine in accordance with the sentence was not a consent to the sentence, but a payment under duress." Commonwealth v. Fleckner, 167 Mass. 13, 15, 44 N.E. 1053 (1896).

A defendant who, because he cannot post a bond, pays a fine in order to avoid going to jail, or who, because he is unable either to pay the fine or post bond, must serve a term of imprisonment, cannot realistically be said to have voluntarily relinquished his right of appeal because there is no relation between the thing done and the thing to be done. People v. Chamness, 109 Cal.App. 778, 288 P. 20 (1930); Town of White Sulphur Springs v. Voise, supra. The fact that a reversal of the judgment will not restore the individual to his *status quo ante* does not affect the validity of the policy. People v. Becker, 108 Cal.App.2d 764, 239 P.2d 898 (1952).

The alternative writ of prohibition previously made peremptory is hereby quashed, this to the end that there may be further proceedings consistent with this opinion.

UDALL, V. C. J., and LOCKWOOD, J., concur.

BERNSTEIN, Chief Justice (dissenting).

I dissent from that part of the majority opinion that holds that a plea of guilty and the voluntary payment of a fine is not a waiver of the right to appeal. The constitution provides for the right to appeal. But the procedures governing the taking of an appeal must be adhered to or the right is lost. State v. Heron, 92 Ariz. 114, 374 P.2d 871.

The majority opinion goes against the great weight of authority on the question whether the right may be lost by waiver. As was said in State v. Pefley, 80 Idaho 525, 528–529, 335 P.2d 340, 341:

"While there are cases to the contrary, according to the great weight of authority, where a defendant in a criminal case satisfies in full the judgment against him by voluntarily paying the fine imposed upon him, he waives his right to appeal. Annotation, 18 A.L.R. 867; Annotation, 74 A.L.R. 638; 22 C.J.S. Criminal Law § 390, p. 577; 24 C.J.S. Criminal Law § 1668, p. 267; State v. Pray, 30 Nev. 206, 94 P. 218; State v. Cohen, 45 Nev. 266, 201 P. 1027, 18 A.L.R. 864; People v. Pyrros, 323 Mich. 329, 35 N.W.2d 281; State v. Schreiber, 5 W.W.Harr. 424, 35 Del. 424, 166 A. 669; Washington v. Cleland, 49 Or. 12, 88 P. 305; McFarland v. Hunt, 79 Idaho 262, 313 P.2d 1076.

"In State v. Cohen, supra, the court was considering the question of the waiver of the right to appeal by the voluntary satisfaction of the judgment. The court said [201 P. 1028]:

" 'While there are cases to the contrary, the weight of authority is to the effect that an appeal or writ of error will be dismissed when there has been a voluntary payment by the defendant of the fine imposed.'

"The court in such case further held that after the satisfaction of a judgment, there was nothing on which a judgment of the appellate court could act effectively; that if a judgment be reversed the defendant could not recover a fine paid; that the matter became moot; and that a satisfaction of a judgment by the voluntary payment of a fine constituted a waiver of the right to appeal."

See also Anno. 42 A.L.R.2d 995, 1007 "Appeal from Justice Court."

I also note that the dissenting opinion in Town of White Sulphur Springs v. Voise, 136 Mont. 1, 23, 343 P.2d 855, 866 cited by the majority states:

"As to that portion of the opinion which holds that voluntary payment of a fine does not constitute a termination of the action and preclude a review of the conviction, I dissent for the reason that, in my opinion, it is minority view among courts of last resort, the majority of which hold to the contrary. See annotations 18 A.L.R. 867, 74 A.L.R. 638, and subsequent cases."

For the foregoing reasons I respectfully dissent.

STRUCKMEYER, J., concurs in this dissent.