313 P.2d 1076

Robert E. McFARLAND, Prosecuting Attorney of Bonner County, Idaho, and Billie L. King, Treasurer of Bonner County, Idaho, Petitioners,

v.

Honorable Everett E. HUNT, Judge of the District Court of the Eighth Judicial District of the State of Idaho, in and for the County of Bonner, Respondent.

No. 8557.

Supreme Court of Idaho.

July 24, 1957.

263

Graydon W. Smith, Atty. Gen., and J. R. Smead, Wm. Roden, Asst. Attys. Gen., for appellant.

Hawley & Hawley, John T. Hawley, Boise, for respondent.

SMITH, Justice.

This is an original prohibition proceeding commenced in this Court. Petitioners made application for issuance of an alternative writ of prohibition commanding respondent to desist from acting in excess of his jurisdiction and to show cause on a day certain why the writ should not be made permanent. This Court issued the alternative writ to which respondent made return, and the parties have duly presented the matter for decision.

It appears from the record that on October 11, 1956, one William V. White, by an information filed, was charged with the crime, committed in Bonner County, of selling liquor without a license. He pleaded guilty, and waived the statutory period before pronouncement of sentence. Respondent, by judgment duly made and entered, thereupon sentenced him to serve not less than one nor more than five years in the state penitentiary and pay a fine of $1,000; provided, that if he pay the fine within ten days, the prison term should be suspended and he exonerated therefrom. October 19, 1956, he paid the $1,000 fine to the clerk of the district court.

During November, 1956, White filed a motion to vacate the judgment, withdraw his plea of guilty and enter a plea of not guilty to the crime charged in the information; also he filed with the clerk of the district court a notice of appeal from the judgment.

February 12, 1957, respondent entered an order, that the judgment be set aside and that White be permitted to enter a plea of not guilty to the crime charged, and that the case be set for jury trial at a time to be fixed; also, that the $1,000 fine paid pursuant to the judgment, be remitted to and held by the clerk of the court as White's bond, pending his appearance for trial.

Respondent contends that the writ of prohibition will not lie because of availability of a plain, speedy and adequate remedy in the ordinary course of law, being appeal by the State as provided by I.C.,

sec. 19–2804, in that respondent's order of February 12, 1957, in effect was: (1) an order granting a new trial to White, and (2) an order made after judgment affecting the substantial rights of the prosecution.

White's motion of November 10, 1956, is not before this Court in the pending prohibition proceeding; neither is the question whether such motion constituted a motion for a new trial; nor is the case of State v. White, wherein such motion was made and granted. It follows that we cannot and do not decide herein the question whether the order of the district court of February 12, 1957, is an order granting a new trial from which an appeal may be taken by the State.

■ Respondent's contention that the district court's order of February 12, 1957, purportedly setting aside the judgment of October 11, 1956, in State v. White, constituted an order made after judgment from which an appeal may be taken by the State, is answered in the negative by the case of State v. Ensign, 38 Idaho 539, 223 P. 230, 231. The Ensign case was an original proceeding to procure a writ of review to review the action of the district court in annulling and vacating the sentence of one who, after having pleaded guilty to the commission of a criminal offense, was convicted of the offense charged and sentenced to serve a term in jail and pay a fine.

Defendant district judge in the Ensign case, in urging that the writ of review did not lie, contended that the State had a plain, speedy and adequate remedy by appeal in the criminal action, and that the order made therein, being an order made after final judgment, was appealable and therefore not subject to review by writ of review. In disposing of such contention, the Court said:

"The order complained of is not * * * an order made after judgment affecting the substantial rights of the prosecution as is contemplated by C.S. § 9069, subd. 4 [now I.C., sec. 19–2804]. That subdivision refers to an order made while the action to which it purports to relate is still pending, and the court has jurisdiction to take further action. It does not refer to an order made when the action to which it purports to relate is no longer pending and the court has lost all jurisdiction to take any further action. In the present instance the action to which the order purports to relate was no longer pending, and the court had no jurisdiction to take any further action. The order was therefore not appealable."

The rule of the Ensign case appears particularly applicable to the facts under consideration here, for the judgment in the case of State v. White appears to have been executed by payment of the sentence of the fine. Moreover, whether White's motion attacked the judgment on the

ground that it was void is not before this Court, for no such motion is included in the record. It affirmatively appears from the record, however, that White's attack on the judgment was made after the judgment was executed in its alternative requirement of the payment of the fine.

The great weight of authority supports the rule that when, under a judgment, a valid sentence has been put into execution, the trial court cannot amend or modify it, either during or after the term of court at which the sentence was pronounced, and that any attempt so to do is of no effect. See Annotation, 168 A.L.R. p. 706; 24 C.J.S. Criminal Law § 1605, p. 136; 15 Am.Jur., Criminal Law, sec. 473, p. 128.

Petitioners are entitled to a peremptory writ of prohibition, prohibiting respondent from assuming jurisdiction in the Bonner County District Court case of State of Idaho v. William V. White, for the purpose of enforcing the order made and entered therein February 12, 1957, purporting to set aside the judgment made and entered in said case October 11, 1956, and from exercising or attempting to exercise any jurisdiction in the premises.

Let the preemptory writ of prohibition be issued accordingly. No costs allowed.

KEETON, C. J., and PORTER, TAYLOR and McQUADE, JJ., concur.