738 P.2d 420

STATE of Idaho, Plaintiff-Respondent,

v.

Robert S. HANCOCK,
Defendant-Appellant.

No. 16004.

Supreme Court of Idaho.

May 29, 1987.

## ORDER DENYING PETITION FOR REVIEW

SHEPARD, Chief Justice.

The Appellant having filed a PETITION FOR REVIEW on November 20, 1986 and supporting MEMORANDUM on March 31, 1987 of the Court's Opinion released October 30, 1986; therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REVIEW be, and hereby is, DENIED and the dissent on Denial of the Petition for Review by Justice Bistline, be, and hereby is, RELEASED.

## ON DENIAL OF PETITION FOR REVIEW

BISTLINE, Justice.

The problem which does not seem to bother three of my colleagues in the least originates with the following passage from certain of the Court of Appeals' language:

Hancock was charged with the crimes and he pled guilty to two counts of aggravated battery. On October 17, 1984, the district court sentenced him to serve two concurrent ten-year indeterminate sentences. The transcript of the sentencing hearing and the clerk's minutes make it clear that the judge orally *suspended* all but the first eleven months of the sentence. *No mention of probation was made.* The judge simply stated that Hancock would

spend the first eleven months of that sentence in the Nez Perce County Jail, and arrangements [would] be made to

make the Department of Health & Welfare available to counsel with [Hancock] to try to get to the bottom of that problem [aggressions towards others] so that this will never happen again.

However, the judgment which was later prepared and submitted to the judge for signature erroneously *commuted* the sentence to eleven months. *This written judgment also made no mention of probation. State v. Hancock,* 111 Idaho 835, 836–37, 727 P.2d 1263, 1264–65 (Ct. App.1986). (Bold type added).

To the casual reader of newspaper accounts, this might be an interesting item. To the trial attorney of even limited experience in criminal law, it is cause for a raising of the eyebrows. When judges erroneously do or fail to do something, there are a number of ways to correct the error, if error indeed it is. The presumption is that district judges do not act erroneously or beyond their jurisdiction. In analyzing this situation, all five of us are aware that the Court of Appeals skipped over the question of whether the ten year sentence was commuted to an eleven month county jail sentence. The *written* judgment of conviction, commutation, and commitment prepared by the prosecuting attorney and executed by the district judge, reads as follows:

Prosecuting Attorney

Nez Perce County, Idaho

Post Office Box 1267

Lewiston, Idaho 83501

Telephone (208) 799–3073

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

THE STATE OF IDAHO, Plaintiff,

v.

ROBERT S. HANCOCK, Defendant.

CASE NO. 54363

JUDGMENT OF CONVICTION AND ORDER SUSPENDING SENTENCE

The above-named defendant, having been present in person and arraigned in Open

Court upon the charge of two counts of AGGRAVATED BATTERY, I.C. 18–903(c) and 18–907(b), both felonies, and having pleaded guilty thereto, and the Court having fixed October 17, 1984, as the date for pronouncing judgment against the defendant upon defendant's plea of guilty to said crimes, and the defendant being present in person, and defendant was duly informed by the Court of the nature of the charges filed against defendant for the said crimes, committed on or about August 11, 1984, of defendant's arraignment and plea of guilty to said crimes; the defendant was then asked if defendant had any legal cause to show why judgment should not be pronounced against defendant, and defendant replied that defendant had none, and no sufficient cause being shown or appearing to the Court, thereupon, the Court rendered its judgment as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said defendant is guilty of the above-mentioned crimes, and that defendant be punished by being placed in the custody of the Idaho State Board of Correction for an indeterminate period not to exceed TEN (10) years for each count, said periods to run concurrently, the time of this imprisonment and confinement to commence to run October 17, 1984.

IT IS FURTHER ORDERED that said sentence be commuted to not more than ELEVEN (11) MONTHS for each count, said period to run concurrently, in the Nez Perce County Jail.

IT IS FURTHER ORDERED that arrangements shall be made for defendant to obtain mental health counseling.

DATED this 31st day of October, 1984.

/s/John H. Maynard
DISTRICT JUDGE

R., pp. 66–67.

Almost four months later, on February 13, 1985, Mr. Hancock was brought from the county jail and into the courtroom where he faced the same judge. Following is the reporter's transcript of the proceeding:

MR. TOBIASON: Your Honor, the next matter is *State of Idaho vs Robert S. Hancock*, case number 54363. Your Honor, in this particular matter the State has supplied to the Court a document entitled Amended Judgment of Conviction and Order suspending Sentence, supplied a copy of that to Mr. Knowlton, Mr. Hancock's attorney.

The reason for this is upon going back and reviewing the State's prior Judgment of Conviction that we prepared for signature by the Court, in reviewing the prior transcription of the sentencing hearing of Mr. Hancock it appears there were some corrections and changes that needed to be made to conform to what the sentence the Court did pronounce on that date and also to conform to the intent of the Court's sentence on that particular date, and so we'd ask the Court to consider executing the Amended Judgment of Conviction as being a proper statement of the Court's sentence of Mr. Hancock.

THE COURT: All right. It appears to me that there was an error made in the wording of the judgment and the clear intent of the Court was not to commute the sentence to 11 months in the county jail as it appears to sound or—or to read in the judgment but it was the intent of the Court that you were committed to the Idaho State Board of Corrections for a maximum indeterminate period not to exceed ten years but all but the first 11 months of it was suspended, that you would spend the first 11 months in the Nez Perce County jail to make available some mental health, and so on, treatment to you and that for the remainder of the ten years you would be on probation to the Department of Parole and Probation, and the Court's going to order that that judgment be amended to conform with the sentence as pronounced here in open court.

You may return to the jury box.

MR. TOBIASON: Thank you, Your Honor. For the State's information, have we provided the Court with a final copy of that to be executed or did we just provide a draft copy to the Court?

THE COURT: Well, I don't see either one here although you may have given me one and it may be on my desk. It's not put in the file.

MR. TOBIASON: The other question that the State had, your Honor, in terms of preparing the Amended Judgment of Conviction for the execution date, would this date back to the original date of sentencing or—

THE COURT: Yes, yes.

MR. TOBIASON: Okay. We will prepare that in the form of nunc pro tunc so it would relate back to that particular date.

THE COURT: Yes, thank you.

MR. TOBIASON: Your Honor, I believe that concludes the Court's calendar for this morning.

The judge very well may not have not stated what he meant to say at sentencing. The fact is that he said what he said, and it was all that he said, if I may be so bold as to alter a familiar phrase of Popeye's. He said nothing about probation. He said much about eleven months in the county jail. The prosecutor was present at the sentencing, and having heard what he heard, and understanding what he heard, drew up a judgment of conviction, and commutation of sentence to eleven months in the county jail. The prosecutor was undoubtedly aware of *State v. Kerrigan*, 98 Idaho 701, 571 P.2d 762 (1977), where the district judge had before him another young defendant, guilty of displaying a knife in attempting an armed robbery. The judge imposed a suspended five-year sentence and kept Kerrigan on a court-supervised probation status:

> "IT IS FURTHER ORDERED That execution of said sentence is hereby stayed until March 3, 1976, at the hour of 10:30 a.m., at which time defendant shall appear and show cause why he should not begin serving said sentence." *Id.* at 703, 571 P.2d at 764.

In turn, then, the judge who had said what he said, examined the written judgment prepared by the prosecutor which is, of course, the written judgment under which the sheriff would hold Mr. Hancock

for eleven months, and apparently satisfied with the contents of the document, signed it. It will not be presumed that he signed a defendant's sentencing judgment without reading it.

It is beyond my comprehension how some four months later, the prosecuting attorney has the audacity to present to the judge a totally different "Amended Judgment of Conviction and Order Suspending Sentence" and offer only this explanation and justification:

> The reason for this is upon going back and reviewing the State's prior judgment of Conviction that we prepared for signature by the Court, in reviewing the prior transcription of the sentencing hearing of Mr. Hancock it appears there were some corrections and changes that needed to be made to conform to what the sentence the Court did pronounce on that date and also to conform to the intent of the Court's sentence on that particular date, and so we'd ask the Court to consider executing the Amended Judgment of Conviction as being a proper statement of the Court's sentence of Mr. Hancock.

The Amended Judgment of Conviction prepared by the prosecutor did *not* conform to what the court had said at sentencing. The Amended Judgment is attached as Appendix "A". The prosecutor had added in his presentation of the new judgment, however, that the purpose of the tendered Amended Judgment was *"to conform to the [court's undisclosed] intent*—on that particular date."

This is beyond belief. The prosecutor four months earlier in drafting the written Judgment of Conviction had divined from the judge's spoken words and demeanor that in using the word "suspended" the judge had in mind a "commutation" to the county jail. This is readily understandable, where the judge had gone on to add that

> arrangements will be made to make the Department of Health and Welfare available to counsel with you, to try to get to the bottom of that problem so that this will never happen again.

The prosecutor, me thinketh, hath taken too much unto himself in four months later advising the judge that the judge's intent had been that Hancock would do eleven months in the county jail, and *then* do a ten year probation the success of which was predicated upon complying with ten enumerated conditions, the tenth of which provided that Hancock "shall obey each and every other provision which defendant's Agreement of Probation sets forth." These ten conditions, plus all of the additional conditions, all too clearly must have come to the prosecutor by revelation, because, it must be said, not one such word about probation was said at sentencing.

Nor can it be said as in *State v. Phillips,* 99 Idaho 354, 581 P.2d 1173 (1978), that there was any ambiguous language in the trial court's oral sentence as to whether probation was or was not being imposed. Axiomatically, where the trial court made no mention whatever of probation, there can be and is no ambiguity in that regard.

With ambiguity removed from consideration, the issue boils down to whether a district judge can, four months after imposing sentence and executing the document prepared by the prosecutor to embody that sentence, and commitment to jail, (or fourteen months or forty months, or any time thereafter) alter that sentence to conform to what the prosecutor informs the judge at all times had been the judge's intent—although never spoken. It is too much.

In the *Phillips* case it was the oral sentence of the court which included suspension and the placing of that defendant on probation. It was the written order prepared by the prosecutor which did *not* embody what the judge said about probation being imposed. A majority of this court there solved the dilemma by finding an ambiguity in the oral sentence.

Here there is none. Under the written sentence the defendant was sent off to the county jail in execution thereof. That sentence on its face was valid. Under its aegis the sheriff had Hancock in jail where he had served almost half of his eleven months sentence. This Supreme Court was faced with the same issue thirty years ago

where it was the defendant who sought to vacate a judgment of conviction and sentence *after* it had gone to execution. The court held it could not be done:

> The great weight of authority supports the rule that when, under a judgment, a valid sentence has been put into execution, the trial court cannot amend or modify it, either during or after the term of court at which the sentence was pronounced, and that any attempt so to do is of no effect. *McFarland v. Hunt,* 79 Idaho 262, 313 P.2d 1076 (1957).

If a defendant cannot do so, conversely the prosecutor, too, cannot validly obtain the vacation or modification of a valid sentence which has gone to execution.

In *State v. Johnson,* 101 Idaho 581, 618 P.2d 759 (1980), the rule of *McFarland v. Hunt* was reaffirmed, the court there establishing firmly that putting the sentence into execution precludes it from being modified:

> When Johnson was apprehended he was brought before the district court and resentenced to a fixed term of five years pursuant to I.C. § 19–2513A. Johnson argues that the district court was without jurisdiction to enhance his original sentence.
>
> This Court held in *McFarland v. Hunt,* 79 Idaho 262, 313 P.2d 1076 (1957), that once a valid sentence has been put into execution the trial court cannot modify it. *See United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931). However, the original sentence imposed on Johnson was never put into execution.

Clearly, this is a case where there is every reason to grant review; nor has it ever been suggested why this Court should not examine the highly irregular behavior of the district judge and the prosecutor—which facially appears to be in violation of Mr. Hancock's rights. If our two-tier appellate system is to survive and serve its purpose, this Court will have to perform better than it has this day.

HUNTLEY, J., concurs.

**954**

Prosecuting Attorney

Nez Perce County, Idaho

Post Office Box 1267

Lewiston, Idaho 83501

Telephone (208) 799-3073

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

THE STATE OF IDAHO, Plaintiff,

vs.

ROBERT S. HANCOCK, Defendant.

CASE NO. 54363

AMENDED JUDGMENT OF CONVICTION AND ORDER SUSPENDING SENTENCE

The above-named defendant, having been present in person and arraigned in Open Court upon the charge of two counts of AGGRAVATED BATTERY, I.C. 18–903(c) and 18–907(b), both felonies, and having pleaded guilty thereto, and the Court having fixed October 17, 1984, as the date for pronouncing judgment against the defendant upon defendant's plea of guilty to said crimes, and the defendant being present in person, and defendant was duly informed by the Court of the nature of the charges filed against defendant for the said crimes, committed on or about August 11, 1984, of defendant's arraignment and plea of guilty to said crimes; the defendant was then asked if defendant had any legal cause to show why judgment should not be pronounced against defendant, and defendant replied that defendant had none, and no sufficient cause being shown or appearing to the Court, thereupon, the Court rendered its judgment as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said defendant is guilty of the above-mentioned crimes, and that defendant be punished by being placed in the custody of the Idaho State Board of Correction for an indeterminate period not to exceed TEN (10) years for each count, said periods to run concurrently, the time of this imprisonment and confinement to commence to run October 17, 1984.

IT IS FURTHER ORDERED that said sentence be, and the same hereby is suspended, and the said defendant is placed on probation for a period of TEN (10) years upon the following conditions to-wit:

1. That the probation is granted to and accepted by the probationer, and with the understanding that the Court may at any time, in case of the violation of the terms of the probation, cause the probationer to be returned to the Court for the imposition of sentence as prescribed by law or any other punishment as the Court may see fit to hand down; and,

2. That the probationer shall be under the legal custody and control of the Idaho State Board of Correction through its Department of Probation and Parole and the District Court, and subject to the rules of probation as prescribed by the Board of Correction and the District Court; and,

3. That the probationer, if placed on probation to a destination outside the State of Idaho, or leaves the confines of the State of Idaho with or without the permission of the Director of Probation and Parole, does hereby waive extradition to the State of Idaho, and also agrees that the said probationer will not contest any effort by any state to return the probationer to the State of Idaho; and,

4. That the probationer shall meet with defendant's probation officer promptly at the time and place appointed by defendant's probation officer; and,

5. That defendant shall make complete honest written monthly reports to defendant's probation officer on or before the last day of each and every month during defendant's probation upon forms provided by the probation officer; and,

6. That defendant shall conduct defendant as a good citizen and obey all city, county, state and federal laws; and,

7. That defendant shall not leave the State of Idaho without the prior written

permission of defendant's probation officer; and,

8. That defendant shall be committed to the custody of the Nez Perce County Jail for ELEVEN (11) months commencing on October 17, 1984.

9. That defendant shall obtain mental health counseling and shall continue so long as defendant's counselor deems necessary; and,

10. That defendant shall obey each and every other provision which defendant's Agreement of Probation sets forth.

IT IS FURTHER ORDERED that in the event said defendant shall violate any of the terms of said suspended sentence or rules of probation, defendant shall be returned to the Court for further disposition.

DATED this 22nd day of February, 1985, for the 17th day of October, 1984, nunc pro tunc.