WILLIAM JOSEPH BRYAN, JR., APPELLANT, *v.* STATE OF NEVADA, RESPONDENT.

No. 4468

February 7, 1962                    368 P.2d 672

[Rehearing denied March 7, 1962]

*Harry E. Claiborne,* of Las Vegas, and *Matthews and Stanley,* of Los Angeles, California, for Appellant.

*Roger D. Foley,* Attorney General, *William J. Raggio,* District Attorney, *Herbert F. Ahlswede,* Deputy District Attorney, and *Drake DeLanoy,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

Pursuant to a judgment convicting him of the crime of furnishing liquor to a minor, a gross misdemeanor, appellant was sentenced to pay a fine of $1,000. At the time of the rendition of sentence he paid the fine in open court and was discharged from custody.

Appeal is taken from the judgment of conviction and from the order denying a new trial.

The State has moved to dismiss the appeal upon the ground that appellant having satisfied fully the judgment against him has lost the right to appeal.

In State v. Pray, 30 Nev. 206, 94 P. 218, a stronger situation was presented to this court in that Pray paid his fine under protest and under stipulation that such fine be held by the clerk, and should not prejudice his right to appeal. We held however that where one convicted of a crime has paid his fine, since the money could not be returned to him, and no effective relief could be granted in the event of a reversal of the judgment, the appeal must be dismissed.

Appellant acknowledges such holding, but calls attention to the fact that a conflict existed among the authorities whether a voluntary satisfaction of a judgment precluded the right of appeal. In that case we recognized such conflict but dismissed the appeal in accordance with the decided weight of authority. Appellant, in effect, asks us to reconsider the Pray case, decided in 1908, and arrive at a different conclusion. In State v. Cohen, 45 Nev. 266, 201 P. 1027, 18 A.L.R. 864, decided in 1921, we approved State v. Pray, and repeated: "While there are cases to the contrary, the weight of authority is to the effect that an appeal or writ of error will be dismissed when there has been a voluntary payment by the

defendant of the fine imposed. \* \* \* Appellant's opportunity to relieve himself of any odium that may have attached to his name on account of his conviction was lost by his failure to avail himself of the procedure provided for staying execution of judgment, pending an appeal."

We see no reason at this time for not adhering to the rule so established in this state.

Appeal dismissed.