**Grover Cleveland McDANIEL, Petitioner-Appellant,**

**v.**

**Clarence JONES, Sheriff, and State of Texas, Respondents-Appellees.**

**No. 71–1963.**

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1971.

Grover C. McDaniel, pro se.

Crawford C. Martin, Atty. Gen., Austin, Tex., Henry Wade, Crim. Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Tex., for respondents-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This case presents the sequel to McDaniel v. Sheriff, 445 F.2d 851 (5th Cir., 1971) [No. 30829, June 24, 1971]. In that case a panel of this court vacated and remanded an order of the district court dismissing McDaniel's application for the writ of habeas corpus as moot. In the instant appeal McDaniel filed a civil action on February 16, 1971, which the United States Magistrate took as an application for writ of habeas corpus. The action filed under a single docket number was, however, two separate actions: one styled Application for Restraining Order, Discharge of Applicant, was properly taken to be an application for writ of habeas corpus. The other was an action under the Civil Rights Act for wrongful detention and other deprivation of civil liberties in connection with McDaniels' conviction for the

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

offense of breaking and entering a motor vehicle.

In the interest of judicial economy we vacate and remand the dismissal of appellant's application for the writ of habeas corpus for consideration with his application remanded in No. 30829. The district court in its order adopted the findings of the United States Magistrate. The Magistrate, however, made no mention of the second civil action filed under Docket No. CA–3–4506–B. We, therefore, further vacate and remand the tacit rejection of appellant's civil rights action. This court has viewed dismissals on barebone pleadings with great scrutiny. A tacit dismissal, as the case here, requires a summary [1] reversal.

Vacated and remanded.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

