**Grover Cleveland McDANIEL, Petitioner-Appellant,**

**v.**

**Clarence JONES, Sheriff, Dallas County, Texas, Respondent-Appellee.**

Nos. 71–2994, 71–2995

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1972.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Grover C. McDaniel, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Austin, Tex., Henry Wade, Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

In two separate petitions for habeas corpus Grover Cleveland McDaniel has attacked a Texas state conviction for breaking and entering an automobile with intent to commit theft. In addition, he has also joined a claim under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, to one of his habeas petitions. McDaniel was sentenced to serve three years after a jury found him guilty. Service of the sentence has now been completed. The judgment was affirmed on direct appeal. McDaniel v. State, 461 S.W.2d 603 (Tex.Cr.App.1971).

In Nos. 71–2994 and 71–2995, McDaniel appeals from the District Court's denial of two separate petitions for habeas corpus relief. Additionally, in No. 71–2994, McDaniel appeals from the District Court's dismissal of his civil rights complaint which had been joined with the petition for habeas relief. The District Court held that the complaint failed to state a claim under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985. We affirm the dismissal of the civil rights action, which ruling is clearly correct.[1]

The habeas petitions require different treatment. In a previous appeal by McDaniel in the case which now is before us as No. 71–2995, formerly our No. 30829, we vacated the District Court's order denying the petition and remanded the case for ruling on the merits. McDaniel v. Jones, 5 Cir., 1971, 445 F.2d 851. Similarly, in a previous appeal in the case now here as No. 71–2994, formerly our No. 71–1963, we vacated the District Court's order and remanded for further proceedings on both the habeas petition and the civil rights complaint. McDaniel v. Jones, 5 Cir., 1971, 447 F.2d 490. The District Court submitted the matter to a United States Magistrate who recommended denial of habeas corpus relief to McDaniel. He also recommended dismissal of the civil rights complaint. The District Court adopted the Magistrate's findings. However, the findings and conclusions on the habeas claims do not advert to the specific grounds alleged in either of McDaniel's habeas petitions. The Magistrate adverted only to the grounds presented in McDaniel's direct appeal to the Texas Court of Criminal Appeals. None of these grounds is even alleged in either habeas petition. It is true that these are the only grounds as to which state remedies were exhausted by appeal in Texas state courts. However, as we

---

1. McDaniel sued all persons connected with his arrest, prosecution, trial, and conviction, including the arresting officer, the investigating officer, the Chief of Police, the District Attorney and some of his assistants, the state trial judge, the state's witnesses, his court-appointed defense counsel, the City of Dallas, and the State of Texas. We have carefully reviewed the complaint and agree with the District Court that it fails to state a claim under the Civil Rights Act.

pointed out in our previous opinion, there is now no Texas state post-conviction remedy available because McDaniel has completely served his sentence. McDaniel v. Jones, 5 Cir., 1971, 445 F.2d 851, 852. Under these circumstances, appellant is entitled to have his habeas claims adjudicated, even though they were not presented to any state court. Id. There is now "an absence of available State corrective process," 28 U.S.C. § 2254(b), with regard to McDaniel's habeas claims. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Lizana v. State of Alabama, 5 Cir., 1968, 394 F.2d 512; Burns v. State of Alabama, 5 Cir., 1967, 377 F.2d 233.

The order of the District Court in No. 71–2994 dismissing the complaint under the Civil Rights Act is affirmed. The orders of the District Court denying habeas corpus relief in Nos. 71–2994 and 71–2995 are vacated and the cases are consolidated and remanded for further proceedings not inconsistent with what has been said herein.

Affirmed in part; vacated and remanded in part.