**Richard CORDOVA, Plaintiff,**

v.

**CITY OF RENO et al., Defendants.**

**No. CV–N–95–0480–ECR.**

United States District Court,
D. Nevada.

March 15, 1996.

136

Terri Keyser–Cooper, Reno, Nevada for Plaintiff.

Patricia A. Lynch, City Attorney, William Murano, Chief Deputy City Attorney, Reno, Nevada for Defendants.

### ORDER

EDWARD C. REED, Jr., District Judge.

Presently before the court for decision are Defendant City of Reno's Motion for Reconsideration (Doc. # 20) of the Order of this court dated January 3, 1996 (Doc. # 19) and Plaintiff Richard Cordova's Motion for Preliminary Injunction (Doc. # 6).

Plaintiff Richard Cordova is a homeless alcoholic who makes his home on the streets of Reno, Nevada. On June 30, 1995 Cordova was arrested and charged with violating Reno Municipal Ordinance 8.22.040. That ordinance provides

No person shall engage upon a public street, highway, alley or premises to which the public has access or other public place within the city in conduct having a tendency to annoy, insult or disturb offensively, any person passing or being therein; and whenever the free passage of any street, alley or sidewalk shall be obstructed by a crowd of three (3) or more, except upon occasions of public meetings or lawful assemblages, the persons composing such crowd shall disperse or move on when directed to do so by any police officer; provided, that a free passage shall at all times be maintained and kept open through any crowd or assemblage for the accommodation of the public.

On the advice of the public defender who represented Cordova at trial, he pled guilty and was sentenced to 180 days in jail. On October 4, 1994, while still incarcerated,[1] Cordova filed a civil rights complaint under 42 U.S.C. § 1983 seeking damages, declaratory relief, and an injunction against further enforcement of the ordinance on the ground that it was unconstitutionally vague and overbroad.

Defendant City of Reno moved to dismiss the complaint, relying on *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Heck,* a federal district court may not entertain a claim brought under Section 1983 where the facts the plaintiff would have to prove to prevail would be the same as the facts he would have to prove to be entitled to a writ of habeas corpus. *Heck* held that where a verdict for a Section 1983 plaintiff would imply the invalidity of the plaintiff's criminal conviction, that Section 1983 action must be dismissed unless the plaintiff proves the reversal, expungement, or declaration by a state tribunal of that conviction's invalidity, or the calling into question of that conviction by the prior grant by a federal court of a writ of habeas corpus. *Heck v. Humphrey,* 114 S.Ct. at 2372.

■ Cordova claims that he was convicted of violating a fatally unconstitutional city ordinance. Proof that the ordinance is invalid would necessarily imply the invalidity of Cordova's conviction under that ordinance. Therefore *Heck* applies: Because Cordova's conviction has not yet been invalidated, this court must dismiss Cordova's Section 1983 claim. His proper remedy is a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

This court by Minute Order in Chambers dated January 3, 1996 (Doc. # 19) denied defendant City of Reno's Motion to Dismiss (Doc. # 8). The City had sought dismissal of Cordova's claim under 42 U.S.C. § 1983 in reliance upon *Heck v. Humphrey.* This court's order denying the motion on the ground that Cordova had completed his term of incarceration was, to that extent, erroneous; defendant City of Reno correctly applied *Heck* to the circumstances of this action. However, in the interests of both substantive justice and judicial economy, the court will treat Cordova's complaint as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (per curiam).

■ Mr. Cordova is not presently incarcerated. Ordinarily, the writ of habeas corpus will not lie in favor of one not "in custody." 28 U.S.C. § 2254; *see Carter v. Procunier,* 755 F.2d 1126 (5th Cir.1985). But the United States Court of Appeals has ruled that sufficient "collateral consequences" flow from *any* criminal conviction to constitute "custody" within the meaning of Section 2254. *Chacon v. Wood,* 36 F.3d 1459, 1463 (9th Cir.1994) (Reinhardt, J.). Under *Chacon,* then, even a person who has satisfied the criminal judgment against him may qualify for collateral relief under the habeas statute. Cordova thus may properly petition for the writ, though he is no longer actually in jail.

■ The traditional rule in federal habeas proceedings requires the petitioner to exhaust all available state remedies before suing for federal relief. 28 U.S.C. § 2254(b); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439

---

1. Plaintiff completed his sentence of confinement and was released from custody on or about December 29, 1995. *See* Notice to Court dated January 2, 1996 (Doc. # 18).

(1973). Exhaustion is accomplished when the petitioner's constitutional claims are fairly presented to the state's highest court, complete with a description of the operative facts and legal theory underlying the claim. *Tamapua v. Shimoda,* 796 F.2d 261, 262 (citing *Picard v. Connor,* 404 U.S. 270, 276, 277–78, 92 S.Ct. 509, 513–14, 30 L.Ed.2d 438 (1971)); *Middleton v. Cupp,* 768 F.2d 1083, 1086 (9th Cir.1985). The exhaustion rule, though, is not rigid or inflexible, and a federal district court may deviate from it in special circumstances. *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).

In the present action, petitioner Cordova does not appear to have obtained a ruling from any state tribunal on his constitutional claim; that claim is therefore "unexhausted."

Exhaustion of state law remedies, however, is not required unless the state law remedy which the petitioner appears not to have exhausted is available and would be adequate. *Preiser,* 411 U.S. at 477, 93 S.Ct. at 1829–30.

State law does not appear to offer Petitioner a remedy. Nevada does not permit direct appeals from judgments of conviction where the defendant has already satisfied the challenged judgment. *Bryan v. State,* 78 Nev. 38, 368 P.2d 672 (1962); *State v. Cohen,* 45 Nev. 266, 201 P. 1027 (1921). Likewise, Nevada affords persons not incarcerated relief from an illegal judgment of conviction only by way of appeal or writ of certiorari. Such persons may not apply to Nevada's courts for habeas relief. *In re Shepley,* 66 Nev. 33, 202 P.2d 882 (1949).

In addition, habeas relief in Nevada is available only to persons subject to "unlawful restraint." Nev.Rev.Stat. § 34.360. Although "unlawful restraint" within the meaning of Section 34.360 has been held to include probation and release on bail, the phrase has never been held to encompass the type of "collateral consequences" which under federal law suffice to entitle persons no longer incarcerated to federal habeas relief. *See, e.g., Jacobson v. State,* 89 Nev. 197, 510 P.2d 856, 857 (1973) (release on bail); *Garnick v. Miller,* 81 Nev. 372, 403 P.2d 850 (1965) (probation). In other words, there is no reason to believe a Nevada court would entertain a petition for a writ of habeas corpus from one who is no longer incarcerated or otherwise confined or restrained.[2]

It thus appears that Petitioner has at present no adequate state law remedy available to him. Exhaustion should therefore not be required. *Hawk v. Olson,* 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61 (1945); *Macomber v. Gladden,* 304 F.2d 487, 491 (9th Cir.1962); *see also Morgan v. Juvenile and Domestic Relations Court, Halifax County, Virginia,* 491 F.2d 456 (4th Cir.1974); *McDaniel v. Jones,* 456 F.2d 1254 (5th Cir. 1972). The futility of any attempt to obtain relief from the state courts is a recognized exception to the exhaustion requirement. *Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Fraley v. United States Bureau of Prisons,* 1 F.3d 924, 925 (9th Cir.1993); *Montague v. Vinzant,* 643 F.2d 657, 659 (9th Cir.1981). Accordingly, the court will proceed to address the merits of Cordova's claim that the Reno Municipal Ordinance under which he was convicted and imprisoned is unconstitutional.

The challenged ordinance subjects to criminal liability anyone whose behavior in a public place would tend to annoy, insult or offend another person in or passing that place. The ordinance is a flagrant violation of several important constitutional rights.

First, the ordinance is void for vagueness. The Due Process Clause of the Fourteenth Amendment bars enforcement of any state law or local ordinance at whose meaning citizens of ordinary intelligence must necessarily guess. *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126,

---

**2.** Cordova did apparently file a petition for a writ of habeas corpus in the Second Judicial District Court for the State of Nevada on October 24, 1995. *See* Ex. A to Defendant's Motion for Sanctions (Doc. # 17). No disposition of that petition appears of record; however, because Cordova was released from custody on December 29, 1995, and because Nevada's habeas corpus statute, Nev.Rev.Stat. § 34.360 affords relief only to persons subject to "unlawful restraint," the December 1995 petition has been rendered moot under state law.

127, 70 L.Ed. 322 (1926). It is simply not possible for the ordinary citizen to know in advance whether her conduct is so "annoying," "insulting," or "offensive" as to be prohibited by the ordinance. Some citizens may find quite charming what others find rather annoying; the ordinance fails to set any standard of conduct with which the citizens of Reno may comport to avoid arrest. See *Kirkwood v. Loeb,* 323 F.Supp. 611, 616 (W.D.Tenn.1971) (striking down Memphis ordinance as void for vagueness which purported, *inter alia,* to criminalize "annoying," "disturbing" or "offensive" public behavior). In effect, as the Supreme Court recognized, whether given behavior violates the ordinance "may entirely depend upon whether a policeman is annoyed." *Coates v. City of Cincinnati,* 402 U.S. 611, 615, 91 S.Ct. 1686, 1689, 29 L.Ed.2d 214 (1971).

 Second, the ordinance trenches impermissibly on several constitutionally protected rights, namely the rights to free assembly and association guaranteed by the First and Fourteenth Amendments. Even assuming that Reno's citizens agreed unanimously upon some specific standard of annoyance to be applied in enforcing the ordinance, it would still fail constitutional scrutiny. Public intolerance or animosity cannot justify abridgment of every citizen's First Amendment rights of free speech and assembly. *Coates,* 402 U.S. at 615, 91 S.Ct. at 1689. The First and Fourteenth Amendments prohibit the criminalization of public speech or assembly in order to protect citizens from annoyance. *Id.*

The Supreme Court has recognized the risk that local laws such as the ordinance under consideration may be enforced selectively against those whose behavior is "annoying" "because their ideas, their lifestyle, or their physical appearance is resented by the majority of their fellow citizens." *Coates, id.* at 616, 91 S.Ct. at 1689. Our constitution endeavors to preclude such tyranny by the majority, and it is the solemn duty of this court to reify the rights the constitution guarantees.

The Reno ordinance under which Mr. Cordova was convicted is unconstitutional. His conviction was therefore unlawful. The re-maining issue confronting this court is the nature and scope of the appropriate relief.

 Petitioner seeks an order enjoining future enforcement of the challenged ordinance. Such relief is not within the purview of the federal habeas corpus statute, 28 U.S.C. § 2254. *Severson v. Duff,* 322 F.Supp. 4 (M.D.Fla.1970). It is Petitioner himself alone who is entitled to relief under the federal habeas corpus statute.

 Moreover, the writ of habeas corpus provides relief to *individuals* unlawfully detained, while prospective relief against enforcement of an unconstitutional statute must be obtained in an action for injunction under 42 U.S.C. § 1983. *Martin v. Strasburg,* 689 F.2d 365, 374 (2d Cir.1982) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).

But perhaps this Order granting Petitioner his writ will nonetheless serve his avowed purpose. "Voluntary compliance with the orders of federal courts is the norm and the desideratum. . . . A state is not likely to seek enforcement of a statute that has been solemnly declared unconstitutional." Note, *The Federal Anti–Injunction Statute and Declaratory Judgments in Constitutional Litigation,* 83 Harv.L.Rev. 1880 (1970) (*quoted in Severson v. Duff, supra,* at 10). It is the court's hope that its solemn declaration of Reno Municipal Ordinance 8.22.040's patent unconstitutionality will serve to preclude further prosecutions under that ordinance.

**IT IS THEREFORE ORDERED** that Defendant City of Reno's Motion for Reconsideration (Doc. # 20) is **HEREBY DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Richard Cordova's Motion for Preliminary Injunction (Doc. # 6) is **HEREBY DENIED.**

**IT IS FURTHER ORDERED** that Richard Cordova's Complaint for Declaratory, Injunctive and Compensatory Relief (Doc. # 5), which the court treats as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, is **HEREBY GRANTED.**

**IT IS FURTHER ORDERED** that the judgment of conviction against Richard Cor-

dova entered by the Reno Municipal Court on or about July 3, 1995 in case number 138300–95 be, and *HEREBY IS VACATED.*

*IT IS FURTHER HEREBY ORDERED* that the Clerk of this court shall enter judgment accordingly.